HORACE SMITH, for the use of George C. Lamb, Plaintiff in Error, *v.* ABRAHAM H. SMITH, impleaded with John W. Hull, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A judgment of another State will be conclusive in this, if it appear that the court of such State had properly acquired jurisdiction of the person and the subject matter.

A want of jurisdiction in the court need not be pleaded, where the fact affirmatively appears on the record produced.

Where a foreign judgment was rendered against two, one of whom was not served with process, and suit is brought against the party served, as upon a joint judgment, he may show the variance upon a proper plea, and so exclude the record when offered as proof.

THIS is an action of debt, on a judgment of the Superior Court of the city of New York, rendered January 14th, 1842, in favor of the plaintiff in error, for $6,087.34, against the defendants, Smith and Hull, under the New York "Joint Debtor Act" of 1830. The suit on the judgment was commenced in the Cook County Court of Common Pleas, by the plaintiff in error, in 1854, by *capias ad respond.*, which was served on defendant Smith, but returned "not found," as to defendant Hull. Defendant Smith appeared, by his counsel, and filed two pleas to plaintiff's declaration: 1st, *nul tiel record*; 2nd, *nil debet*. Upon the trial, the plea of *nil debet* was withdrawn by defendant, and the case was submitted to the court upon the plea of *nul tiel record* alone.

This cause was heard by J. M. WILSON, Judge, at October term, 1855.

The only evidence offered in the case was an exemplified copy of the record of judgment of said Superior Court, duly authenticated; from which it appeared, that the suit in the New York court was brought in assumpsit upon a bill of exchange, accepted by the defendants, Hull and Smith, as partners, under the firm name of Hull & Smith, doing business in the State of New York, and within the jurisdiction of said court. It appeared, farther, that the *capias* issued originally in the suit in New York, had been served upon the defendant Smith, by arrest-

ing him, and not upon Hull, as to whom the return "not found," was made, and that judgment was rendered by default against both of the defendants, for the amount above stated.

To the admission of this record in evidence, the defendant, Smith, objected, on the ground that it did not tend to prove the joint liability of said Smith and Hull, and the court sustained the objection, and rendered judgment for the defendant.

The plaintiff excepted to the ruling of the court, and the case has been brought to this court to procure a reversal of said judgment.

CORNELL, JAMIESON and BASS, for Plaintiff in Error.

HOYNE and MILLER, for Defendant in Error.

CATON, J. Where a judgment is rendered by the courts of another State, against citizens of that State, it is to be held conclusive here, unless it appear that that court had no jurisdiction of the subject matter or of the person, acquired in pursuance of the laws of that State. The first question to be considered is, in what mode must this want of jurisdiction be shown? Ordinarily, it must be done by averments and proofs; but upon principle, this cannot be necessary where the record itself shows affirmatively the want of jurisdiction. All agree that a judgment rendered without jurisdiction is utterly void. It is not a judgment. It is a blank, as if it had not been written. It is not a record, and, consequently, is not admissible in evidence, on a plea of *nul tiel record.* This court said, in the case of *Bimeler* v. *Dawson*, 4 Scam. 541: " Where the record shows neither service of process, nor notice to the defendant, nor appearance by him, the judgment is a nullity, when attempted to be enforced in another State, the record not affording even a presumption in favor of the jurisdiction." In such a case, there can be no doubt that the want of jurisdiction need not be pleaded, for the reason that there is, in law, no *prima facie* record to answer and avoid. It contains its own answer, and shows itself to be a nullity. It is, *prima facie*, void, and vouches its own nothingness.

Such is the character of this record, as to Hull. It shows, affirmatively, that he was not served with process, and that he did not appear to the action, either in person or by attorney, for the judgment professes to have been taken by default. Over Hull, then, there can be no pretence of jurisdiction, for he was not brought before the court in any way. We may, and must, presume everything in favor of the validity of the judgment as against Smith, who was served with process, and over whom the court had complete jurisdiction. We must presume, as to him,

that the judgment was entered up in proper form, so as to bind him, and that the laws of that State required that, in form, the judgment should be entered up jointly against all the parties sued, in order to bind those who were served; but we cannot presume that those laws made a judgment, although nominal, and in form, against the parties not served, binding upon them. No presumption can be indulged against the party not served, for as to him, the court could, by the principles of natural justice, and the acknowledged rules by which the civilized world is governed, adjudge nothing against him. A State may undoubtedly provide for bringing its own citizens or subjects before its tribunals by constructive notice, which may not, in all cases, come to the actual knowledge of the party; still, the presumption is, that he has actual notice, or might have such notice by the exercise of proper care and diligence. Such a notice may, no doubt, be binding upon the subject of the State providing for it, but here there is no pretence of any constructive notice. A capias was issued, and returned "not found," as to Hull, and he was then defaulted. This was a default before the party was put in any sort of fault. But, as before suggested, we must presume that this, as a matter of mere form, was required, in order to make the judgment binding on Smith, who was served.

Thus far I have considered this case without taking notice of the statutes of New York, as matters of fact, except so far as the legal presumption, above referred to, may be doing so. As matters of fact, we may not notice the statutes of another country or State, but they must be averred and proved, the same as any other fact upon which a party relies, except, as in this case, where we may presume certain things to have been done according to the law of the place, for the purpose of sustaining their validity. But if we go beyond this record, and take notice of the "Joint Debtor Act" of New York, under which this judgment was rendered, and the construction which has been given to that act by the courts of that State, as found in their reports, we find that the provisions of that law are substantially the same as, without noticing the particular act, we must presume the law to be, under which this judgment was rendered. That is, we find that the court was required, in form, to render a judgment against both defendants, but the effect of which is not a personal judgment against the defendant not served. Such is the plain language of that act, and such is the construction which it has received by the Court of Appeals of that State. *Oakley* v. *Aspinwall*, 4 Comst. 514. And this case is expressly in point, also, as to whether the objection can be taken on a plea of *nul tiel record*. It was there held not to be a joint judgment against both defendants.

In all the cases which have occurred, the defence has been set up, or objection taken, in the second suit, by the party *who was not* served in the first action; whereas, in this case, Smith alone was served in the first action, and he alone is served in this, and he alone has appeared and makes this defence; and, it is insisted that he is estopped to deny that this was a joint judgment, because it was valid and binding on him. He is certainly estopped to deny that the judgment is valid and binding upon him, but he is not estopped to inquire into the character and legal effect of that judgment. While he may not deny that it is a judgment against him, he may deny that it is a judgment against him and Hull. And that was the precise question before the court. The declaration was upon a joint judgment against Smith and Hull, and the plea was *nul tiel record.* And, in support of that issue, the plaintiff produced, not a joint judgment, valid and binding upon both, but a judgment, in legal effect, against Smith alone. It was a question of variance which was raised by the objection of Smith, and not whether Smith was bound by the judgment. If the record would not answer a plea of *nul tiel record,* interposed by Hull, it could not when interposed by Smith. It either corresponded with, or was variant from, the record described in the declaration, and its character could not be altered by the fact that one party or another interposed the defence. The case above referred to shows that the objection was good, on a plea of *nul tiel record,* interposed in New York, by the party not served, and it follows, as a necessary consequence, that it is no less a variance when the plea is filed by the party who was served, and is bound by it.

The Circuit Court decided properly in ruling out the record of the judgment offered in evidence to support the issue, and the judgment must be affirmed.

*Judgment affirmed.*