ANDREW J. MANN

*v.*

JUDAH E. EDWARDS.

*Filed at Mt. Vernon May 9, 1891.*

FORMER ADJUDICATION—*variance between plea and judgment.* On a plea of a former adjudication setting up a prior judgment in favor of the defendant against the plaintiff, a prior judgment in favor of the defendant and another party, against the plaintiff, is inadmissible on the ground of variance.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Williamson county; the Hon. O. A. HARKER, Judge, presiding.

Mr. W. H. WARDER, for the appellant:

As to the question of variance, see 1 Chitty's Pl. 271, 321; *Spangler* v. *Pugh*, 21 Ill. 85; *Smith* v. *Smith*, 17 id. 482; *Con-*

*nelly* v. *Cottle*, Breese, 364; *Giles* v. *Shaw*, id. 125; *Smith* v. *Frazer*, 61 id. 164; *Rothgerber* v. *Wonderly*, 66 id. 290; *Childs* v. *Laflin*, 55 id. 156; *Insurance Co.* v. *Lieberman*, 58 id. 117.

Mr. F. M. YOUNGBLOOD, and Mr. JAMES M. WASHBURN, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit begun on September 27, 1887, in the Circuit Court of Williamson County by the appellant, Mann, against the appellee, Judah E. Edwards, upon a written contract, dated April 14, 1882, executed by said Mann, as party of the first part, and the said Judah E. Edwards and one John D. Edwards, as party of the second part, by which Mann sold to said Judah E. and John D. Edwards his one third interest in a certain woolen and flouring mill upon certain terms and conditions specified in the contract.

The defendant below, Judah E. Edwards, filed two pleas to the declaration, one, a plea of non-assumpsit sworn to, and the other, a special plea of former adjudication. The latter plea sets out, that, at the November Term, A. D. 1884, of the Williamson County Circuit Court, the plaintiff, Mann, impleaded the defendant, Judah E. Edwards, for the same causes of action set forth in the declaration in this suit, and that, upon the trial of said former suit at said November Term, 1884, the defendant, Judah E. Edwards, recovered a judgment against the plaintiff, Andrew J. Mann, for her costs, etc., which said judgment still remains of record, etc.

Issues were formed upon the two pleas, and these issues were, by agreement, submitted to the Court for trial without a jury at the April Term, 1889. The court below found for the defendant, and rendered judgment for the defendant against the plaintiff for the costs of the suit, to which plaintiff excepted. The judgment of the Circuit Court has been affirmed

by the Appellate Court, and the judgment of the latter court is brought here for review by appeal.

Upon the trial in the court below, the defendant offered in evidence, in support of her special plea, the declaration, plea and issue thereon, and verdict and judgment of the Williamson County Circuit Court at the November Term, A. D. 1884, in a suit wherein Andrew J. Mann was plaintiff, and Judah E. Edwards *and John D. Edwards* were defendants. Plaintiff objected on the ground that there was a variance between the offered evidence and the plea of the defendant, but the court overruled the objection, and admitted said pleadings, verdict and judgment, to which action of the court the plaintiff excepted.

One of the errors here assigned is that the Circuit Court erred in holding the record of the judgment and proceedings at the November Term, 1884, of said Circuit Court between Mann, plaintiff, and Judah E. Edwards *and John D. Edwards*, defendants, to be competent evidence under the plea of the defendant, Judah E. Edwards, that there had been a former adjudication between Mann, plaintiff, and Judah E. Edwards, defendant.

We think that this error is well assigned. There was a manifest variance between the plea and the proof. The plea set up, as a former adjudication, a judgment in favor of Judah E. Edwards against the plaintiff, Mann, while the verdict and judgment admitted in evidence were in favor of Judah E. Edwards *and John D. Edwards* against the plaintiff, Mann. (*Smith* v. *Smith*, 17 Ill. 482; *Spangler* v. *Pugh*, 21 id. 85.)

For the error thus indicated, the judgments of the Appellate and Circuit Courts are reversed, and the cause is remanded to the Circuit Court.

*Judgment reversed.*