The West Chicago Street Railroad Company

*v.*

Josiah T. Estep.

*Filed at Ottawa June 13, 1896.*

1. Instructions—*calling attention to a party's interest as affecting his credibility.* A requested instruction in an action for personal injuries, that while the law permits plaintiff to testify, the jury, in weighing his evidence, must take into consideration the fact that he is the plaintiff and is interested in the result of the suit, should not be refused as being an abstract proposition.

2. Same—*assuming facts which should be left to jury.* An instruction that it is the duty of a person on a street car to obey the reason-

able instructions of those in charge of the same, and if injured because of failure so to obey that he cannot recover for such injury, is properly refused, as assuming the existence of facts which are for the jury to determine and as not necessarily referring to the pending case.

3. APPEALS AND ERRORS—*when refusal of proper instruction is not reversible error.*  Refusing to give a proper requested instruction is not reversible error, where the substance of it is embodied in another that was given and is in the record, though not in the abstract of the record.

4. DAMAGES—*motion for allowance of, on appeal—delay.*  A motion for damages cannot prevail on appeal, where it does not sufficiently appear that the appeal was prosecuted merely for delay, and not in good faith.

*West Chicago Street Railroad Co.* v. *Estep,* 62 Ill. App. 617, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

EDWARD R. WOODLE, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This suit was instituted by appellee in the Superior Court of Cook county, to recover damages against appellant for personal injuries alleged to have been sustained by him through the negligence of appellant.  Judgment was rendered in favor of appellee for $1800.  From the judgment of the Appellate Court affirming that judgment this appeal is prosecuted.

It appears that on November 17, 1891, appellee was a passenger on one of appellant's cable cars, which was stopped by the contraction of the slot in which the grip runs, by reason of the cold weather.  Other cars were called to push the one in question, and when it was forced forward the start was quick and sudden, so that appellee was thrown down and severely injured.

The only claim of error is the action of the trial court in refusing to give the two following instructions asked by appellant:

"The jury are instructed that while the law permits a plaintiff in a case to testify on his own behalf, nevertheless the jury have a right, in weighing his evidence and determining how much credence is to be given to it, to take into consideration that he is the plaintiff, and his interest in the result of the suit.

"It is the duty of a passenger upon a street car to obey the reasonable instructions of those in charge of the same, and if such passenger is injured because of his failure to obey such reasonable instructions he cannot recover damages for such injury."

The first of these instructions states a correct proposition of law, and should not have been refused on the ground it is abstract. The person suing was necessarily the plaintiff and necessarily had an interest in the result of the suit, and the instruction, therefore, does in terms refer to the pending case. Still, refusing to give it was not error, because the substance of it is embodied in another that was given, and is in the record but not in the abstract of the record. The other instruction was properly refused. It assumes the existence of facts whose existence or non-existence was for the jury to determine from the evidence, and it does not necessarily refer to the pending case. It is abstract. *Chicago and Alton Railroad Co.* v. *Sanders*, 154 Ill. 531; *Illinois Central Railroad Co.* v. *Larson*, 152 id. 326.

Appellee's motion for damages cannot prevail, for it does not sufficiently appear that this appeal was prosecuted merely for delay, and not in good faith.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*