## Chicago House Wrecking Co. v. James H. Rice Company.

1. CONTRACTS—*When Proof of Readiness to Perform Unnecessary in Suit for Breach.*—A notice by one party to a contract that he will not perform it, dispenses with the necessity of proof of readiness to perform by the other party, in a suit by him for breach of the contract.

2. INSTRUCTIONS—*When Error in, Not Ground for Reversal.*— The fact that an improper instruction was given is not ground for the reversal of a judgment if it appear that the jury did not follow it.

**Assumpsit**, on special and common counts. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

SIMEON E. BAUM, attorney for appellant.

SMOOT & EYER, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for not delivering the glass upon a contract as follows:

" Old buildings torn down.          Buildings bought and sold.
   Old building material for sale.       Fire wrecks cleaned up.

CHICAGO HOUSE WRECKING COMPANY.
Second-hand building material.

Office and yards: 3005 to 3007 South Halsted street.
Telephone, Yards 827.

CHICAGO, December 4, 1893.

J. H. Rice & Co., City.

GENTS: We accept your offer of $1,600 (sixteen hundred dollars) for all plate-glass in Brazil building at World's Fair.                              Respectfully,

CHICAGO HOUSE WRECKING COMPANY,
F. HARRIS.

Will notify you when we get possession so that you can take the glass out."

The appellant made the defense that the paper was not delivered as a present contract, but only to be a contract if the appellant got, as it did not, the building; a good defense, if proved.   Counselman v. Collins, 35 Ill. App. 68.

But, upon conflicting testimony, the verdict of the jury discredits that defense.

The note below the signature to the paper, is not a condition.   If it had not been appended, perhaps it would have been the duty of the appellee to take notice of when the glass might be taken out; but the body of the paper is an absolute undertaking that such time should come, and the note is an undertaking to notify the appellee when it does come.

The common and often approved form of instructions is, " if the jury believe from the evidence," while one of the instructions for the appellee was " if it should appear from the evidence."   A brief making a point on such a difference, and on a supposed difference between market price and market value, undervalues whatever of merit may be in it.

On the motion for a new trial, the appellant truly urged that there was no proof· that the appellee was ready and willing to pay; an objection with which we might have had much difficulty but for the decision in Wolf v. Willits, 35 Ill. 88; that instruction 7 on page 95 correctly stated the law; that instruction being, in effect, that a notice by one party that he will not perform, dispenses with proof of readiness by the other.

The valid objection to an instruction given, that the measure of damages included interest, is removed by the fact that the jury did not follow it.

The defense first alluded to not being successful, there is really nothing in the case to contest, and the judgment is affirmed.