THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

MARGARET NASH.

*Filed at Ottawa May 11, 1897.*

1. INSTRUCTIONS—*may call attention to plaintiff's interest as affecting his credibility.* An instruction which directs the jury, in determining how much credence is to be given to plaintiff's evidence, that they may "take into consideration the fact that he is the plaintiff and his interest in the outcome of the suit," is not erroneous.

2. SAME—*refusal of proper instruction is not error where its substance is embodied in one given.* The trial court may refuse a proper instruction requested by a party, where another instruction given at his request embodies the substance of the one refused.

3. APPEALS AND ERRORS—*appeal prosecuted for delay—when damages will be allowed.* A motion made under section 23 of the act on costs, (Rev. Stat. 1874, p. 300,) providing for allowance of damages where an appeal has been prosecuted for delay, will be sustained where the sole question involved was, on a former appeal, definitely decided against the same appellant, represented by the same counsel, before the second appeal was taken.

*West Chicago Street Railroad Co.* v. *Nash,* 64 Ill. App. 548, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

W. D. MUNHALL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee recovered a judgment in the circuit court of Cook county, against appellant, for a personal injury received while she was a passenger on one of its street cars. Her contention was that the car started with a violent jerk before she was seated, causing her to stumble and fall over a satchel which obstructed the aisle, and that by the fall her left arm was broken and other injuries inflicted.

Counsel for appellant address the larger part of their argument to questions of fact,—questions which we can not pass upon, but which were finally settled in the Appellate Court. The only question of law raised here is based upon the refusal of the court to give the following instruction asked by the defendant:

"The jury are instructed, that while the law permits a plaintiff in a case to testify in her own behalf, nevertheless the jury have a right, in weighing her evidence and determining how much credence is to be given to it, to take into consideration the fact that she is the plaintiff and her interest in the result of the suit."

This was, as held in *West Chicago Street Railroad Co.* v. *Estep*, 162 Ill. 130, a proper instruction, but the substance of it was embodied in another instruction given at the request of the defendant, and it was not, therefore, error to refuse it. The instructions were identical in the two cases.

A motion has been made in this court by appellee to affirm the judgment in whole, and to allow appellee, in addition to costs, ten per cent on the amount of the judgment attempted to be reversed, under section 23 of chapter 33 of the Revised Statutes, on the ground that it appears that the appeal was prosecuted for delay. This motion must be sustained. The only question raised or discussed by appellant that we could consider had been decided by this court in the *Estep case* against the same appellant, represented by the same counsel, before this appeal was taken. Appellant therefore knew, when it took this appeal, that the identical question involved had already been definitely settled. There is no dearth of cases here that needs to be supplied by appeals which present nothing for decision.

The motion is allowed and the judgment of the Appellate Court is affirmed.       *Judgment affirmed.*