## Albert Ellinger v. Waldemar Caspary.

1. ABSTRACTS—*Cases Improperly on the Short Cause Calendar.*— Where there is nothing in the abstract to show whether or not a case was properly placed upon the short cause calendar, the Appellate Court will not search the record for information on the question.

2. PRESUMPTIONS—*As to the Regularity of Proceedings.*—In the absence of anything in the record showing to the contrary, the court having jurisdiction of the person and subject-matter, it will be presumed that its proceedings were regular and in conformity to the law.

3. WAIVER—*Going to Trial Without the Issues Made Up.*—By going to trial without making the objection that the issues are not complete, a party waives the right to insist upon such want of issues as error in the Appellate Court.

4. VARIANCE—*Pleadings and Proof.*—Where the declaration sets out a judgment against a party, and the proof shows a judgment in another State against him on personal service, and against another party on service by publication, it is sufficient to justify a finding against the defendant.

Debt, on foreign judgment.  Trial in the Superior Court of Cook County, without a jury; the Hon. WILLIAM G. EWING, Judge, presiding.  Finding for plaintiff.  Defendant appeals.  Heard in this court at the March term, 1898.  Affirmed.  Opinion filed June 13, 1898.

### STATEMENT OF FACTS.

Appellee brought an action of debt on a foreign judgment against appellant and William J. Barth, in the Superior Court of Cook County, and after the declaration was filed

the suit was discontinued as to Barth.    A demurrer hav-
ing been interposed by appellant, it was confessed and an
amended declaration filed, which alleged, in substance, that
plaintiff recovered a judgment in the Supreme Court of the
State of New York for the City and County of New York,
on February 9, 1897, against appellee, for $1,144.75 damages,
and also costs, $189.90; that said judgment still remains in
full force and has not been paid.

To this declaration appellant filed seven pleas, to the first
of which a demurrer was sustained, and overruled as to the
third and fourth.    The abstract shows affirmatively that
replications were filed to the second, fourth, fifth, sixth and
seventh pleas, and that defendant demurred to "replications
to each of said pleas."    Whether that includes a demurrer
to a replication to the third plea we can not tell, but the
record shows that appellee rejoined to a replication of
plaintiff to the third plea and all the other pleas except the
first, which was disposed of on demurrer.    When the sev-
eral pleadings were filed does not appear, but it does appear
that on July 14, 1897, the cause was tried by the court on
the short cause calendar, a jury waived by agreement, issues
found for plaintiff, debt $1,144.75, damages $207.58 entire;
motions for a new trial and in arrest of judgment were over-
ruled, and judgment rendered on the finding.    How or when
the case was placed on the short cause calendar does not
appear.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

MR. JUSTICE WINDES, after making the above statement,
delivered the opinion of the court.

It is claimed, first, that the case was improperly tried on
the short cause calendar; second, that the case was tried
against appellant's objection that the issues were not made
up; and third, that there is a variance between the dec-
laration and the proof of the judgment declared upon.

As to the first contention, we are unable to tell whether there was error or not. There is nothing whatever in the abstract to tell us when or by what means the case was placed upon the short cause calendar. We are not required to look in the record for this information, nor will we search the record for what should be shown by the abstract. Gibler v. City of Mattoon, 167 Ill. 18.

In the absence of anything in the record showing to the contrary, the court having jurisdiction of the person and subject-matter, it will be presumed that its proceedings were regular and in conformity to the law. As to the second contention, so far as we can tell from the abstract, the case was at issue when the trial was had. Besides, it appears that by agreement between the attorneys a jury was waived, cause submitted to the court, the defendant reserving the objections and exceptions theretofore raised and made to the trial of said cause upon the short cause calendar. The objections theretofore raised in that regard were that the cause was not at issue when the same was placed on the short cause calendar, and was not at issue when the notice to place the same upon the short cause calendar was served.

While it may have been true, though it does not so appear, that the issues were not complete when the notice was served, nor when the case was placed upon the short cause calendar, it may also have been true that when the objection was made the issues were fully made up. In any event, it fails to appear that appellant made any objection to the trial because the issues were not complete, and he can not now insist upon the objection when it was not made in the trial court. By going to trial without making the objection that the issues were not complete, he waived any error in that regard.

The third contention is not tenable. The amended declaration sets up a judgment against appellant alone. The proof shows a judgment against appellant on personal service, and a judgment on service by publication against William J. Barth, and was sufficient to justify the judg-

ment against appellant alone. It was no judgment as to Barth on which there could be a recovery against him, but was a judgment against appellant. Smith v. Smith, 17 Ill. 482; Sim v. Frank, 25 Ill. 127; Vail v. Iglehart, 69 Ill. 335.

We can not say that it appears that this appeal was prosecuted for delay, as was held in Ry. Co. v. Nash, 166 Ill. 528, where it appeared that the identical question presented had been decided by the Supreme Court against the same appellant, and represented by the same counsel before that appeal was taken, and therefore we will not allow statutory damages against appellant.

The judgment is affirmed.