## Missouri and Illinois Coal Company v. Daniel W. Pomeroy.

1. SALES—*To Be Paid for on Delivery—Requisites of a Recovery.*—In actions to recover damages for the breach of a contract for the sale of coal to be paid for on delivery, by shipment, proof that the vendor notified the vendee that he was unable to ship, relieves the vendee from the necessity of proving that he was able, ready and willing to receive and pay for the coal had it been shipped to him.

2. DAMAGES—*Failure to Deliver Merchandise Sold.*—Where the vendor fails to deliver merchandise according to his contract of delivery the measure of damages is the difference between the contract price and the market price at the time and place where it should have been delivered under the contract.

3. DELIVERY—*To Carriers—The General Rule.*—The general rule is that a delivery of goods to a common carrier by the seller, is a delivery to the buyer.

4. SAME—*Place of.*—Under the contract in this case the court holds that the place of delivery was at Chicago.

Assumpsit.—Trial in the Superior Court of Cook County, on appeal from a justice of the peace; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1898, Reversed and remanded. Opinion filed February 9, 1899.

### STATEMENT OF CASE.

Appellee brought suit against appellant before a justice of the peace, before whom a trial resulted in a judgment for costs against him. He appealed to the Superior Court, where a trial, on the short cause calendar, before the court and a jury, resulted in a verdict in his favor for $225, from which he remitted $25, and judgment was rendered in his favor for $200. To reverse this judgment this appeal was taken.

The evidence on behalf of appellee tends to show that on July 12, 1897, he agreed to purchase of appellant, through its agent, Daniel J. Coffey, ten cars of lump coal at $1 per ton at the mines (appellee to pay the freight), the same to be shipped to appellee at Chicago at once, with a draft

attached to the bill of lading, the draft to be paid on arrival of coal and delivery of bill of lading.

The following day, at request of Coffey, appellant gave him the following order in writing, viz.:

"Chicago, July 12, 1897.
Mo. & Ill. Coal Co., Turkey Hill, Ill.

Please ship me ten cars lump coal at $1 per ton F. O. B. mines. You may attach draft to bill lading. Dft. payable on arrival of coal and delivery bill lading.

Resp'y,
D. W. Pomeroy."

Also that the average tonnage of a car of coal is twenty-five tons; that the freight from the mines of appellant to Chicago was $1.20; that according to the usual custom, the coal should have been delivered at Chicago by the 15th to 17th of July; that on said days' this coal was worth in the market $3.10 per ton; and that no coal whatever was delivered, and July 24, 1897, appellant notified appellee that it could not fill his order.

The evidence on behalf of appellant tends to show that no contract was made with appellee by appellant, as claimed. The evidence is strongly conflicting, and the right of the case depends upon the credibility of appellee, and appellant's agent, Coffey, who were the only witnesses to the contract in question.

There was no evidence that appellee was able, ready and willing to take and pay for the coal. Among other instructions, appellant asked the court to give the following:

"7. The court instructs the jury that while the law makes the plaintiff a competent witness in this case, yet the jury have a right to take into consideration his situation and interest in the result of your verdict, and all the circumstances which surround him, and give to his testimony only such weight as in your judgment it is fairly entitled to."

But the court refused to give this instruction to the jury as asked, and modified it by changing the word "plaintiff" to "parties" and the word "witness" to "witnesses," and the pronouns referring to plaintiff from the singular to the plural.

None of the instructions given for plaintiff tell the jury that the plaintiff must prove his case by a preponderance of the evidence, but two of defendant's instructions do so direct the jury. '

WING, CHADBOURNE & LEACH, attorneys for appellant.

Where the defendant undertakes to convey and deliver at a particular time and place, to be paid for on such delivery at a stipulated price, the plaintiff, to maintain his action, must aver and prove that he was ready to receive and pay for the property according to his undertaking. He must not be in default himself, but must show a readiness to perform on his part before he can compel the defendant to show performance, or respond in damages. Dickhut v. Durrell, 11 Ill. 72; 1 Chitty's Pl. 297; Cook v. Ferrel, 13 Wend. 285; Dox et al. v. Dey, 3 Wend. 356; Porter v. Rose, 12 John. 209; Saunders' Pl. and Ev., 127, 128, and cases there cited.

See also Hough v. Rawson, 17 Ill. 591; Hungate v. Rankin et al., 20 Ill. 639; Funk v. Hough, 29 Id. 145; Kitzinger v. Sanborn et al., 70 Ill. 146.

A delivery to a common carrier is generally deemed a delivery to the consignee. 2 Kent, Comm., 492–496; Wade v. Moffett, 21 Ill. 110; Owens v. Weedman, 82 Ill. 409; Benjamin on Sales, Secs. 1, 181 and 315; Brechwald v. People, 21 Ill. App. 215.

The fact that goods are to be paid for in cash upon arrival does not prevent the title from passing. Where a buyer purchases or orders a specific quantity of goods to be shipped to him from a distant place, and the seller segregates and appropriates to the contract a specific quantity by delivering them to a vessel designated by the buyer, or, in the absence of such designation, to a common carrier, the mere fact that the contract contains a stipulation that they are to be paid for by note or in cash on arrival, does not prevent the title from passing, or make either payment or arrival a condition precedent thereto. In such case the goods become the property of the purchaser, and are at his

risk from the time they are put on board the vessel. Farmer's Phosphate Co. v. Gill, 69 Md. 545; Mee v. McNider 109 N. Y. 500; Magruder v. Gage, 33 Md. 344; Appleman v. Michael, 43 Md. 281; Dutton v. Solomonson, 3 B. & P. 584; Fragano v. Long, 4 B. & C. 219; Alexander v. Gardner, 1 Bing. N. Cas. 671; Ill. Cent. R. R. Co. v. Cobb, Christy & Co., 64 Ill. 128; Cobb, Christy & Co. v. Ill. Cent. R. R. Co., 88 Ill. 394; Ill. Cent. R. R. Co. v. Miller, 32 Ill. App. 259.

The vital importance of a true interpretation by the trial court of this order as to the place of the delivery of the coal arises by reason of the legal rule as to the measure of damages. The rule is that the difference between the contract price of the commodity contracted to be sold and the market value of that commodity at the time when and at the place where delivery should have been made under the contract furnishes the basis for the ascertainment of the damages. Smith v. Dunlap, 12 Ill. 184; Sangamon & Morgan R. R. Co. v. Henry, 14 Ill. 156; C. & R. I. R. R. Co. v. Ward, 16 Ill. 528; Phelps v. McGee, 18 Ill. 155; Sleuter v. Wallbaum, 45 Ill. 43; Larrabee v. Badger, 45 Ill. 440; Deere et al. v. Lewis et al., 51 Ill. 254; Long v. Conklin et al., 75 Ill. 32; Fletcher v. Patton, 21 Ill. App. 228; Capen et al. v. De Steiger Glass Co., 105 Ill. 186; Kitzinger v. Sanborn, 70 Ill. 146; Tribune Co. v. Bradshaw, 20 Ill. App. 17; Buckley v. Holmes, 19 Ill. App. 530; Brandamour v. Trant, 45 Ill. 372.

Daniel W. Pomeroy, *pro se.*

Mr. Presiding Justice Windes delivered the opinion of the court.

Appellant claims, first, that plaintiff did not make out his case by a preponderance of the evidence; second, that he failed to prove that he was able, ready and willing to receive and pay for the coal; third, that the court erred in the instruction for plaintiff as to the measure of damages; fourth, that the court erred in plaintiff's instructions by not requiring that plaintiff prove his case by a preponderance of the evidence; and fifth, that there was error in refusing appellant's seventh instruction as asked, and in giving it as modified.

The evidence was very conflicting, but from a careful examination of it, we can not say that the plaintiff failed to prove his case by the preponderance of the evidence. That was a question for the jury.

In order that plaintiff recover in this case, it was unnecessary for him to prove that he was able, ready and willing to receive and pay for the coal had it been shipped to him. The proof for appellant shows that it notified plaintiff, before the suit was commenced, that it could not fill plaintiff's order. That proof relieved plaintiff from the necessity of any proof in this regard. Chicago House Wrecking Co. v. Rice Co., 67 Ill. App. 687; Wolf v. Willits, 35 Ill. 92.

The measure of damages laid down by the court in its instructions, was the difference between the contract price and the market price of the coal at the time and place when and where it should have been delivered under the contract. In this there was no error. The evidence showed the contract price and also the market price of the same coal at the time and place where it should have been delivered, and also, when all the evidence is considered, we think it clear that the contract was for delivery of the coal at Chicago, and not at the mines, as contended by appellant.

The general rule no doubt is, that delivery of goods to a common carrier by the seller, is a delivery to the buyer, the consignee. 1 Beach's Mod. Law on Conts., Sec. 563; 2 Kent's Com., 494; 21 Amer. & Eng. Ency. of Law, 507; Wade v. Moffett, 21 Ill. 110; Hatch v. Oil Co., 100 U. S. 134.

Appellant concedes that the instruction of the court was correct as a proposition of law, but contends that the evidence shows the place of delivery was to be at the coal mines.

In Van Valkenburgh v. Gregg, 45 Neb. 655, it was held that where a contract designates a place of delivery, the contract prevails, and if none is provided, then it may be inferred from the circumstances of the case.

In Commercial Bank v. Ry. Co., 160 Ill. 406, the court say, in speaking of the duty of the common carrier and the effect of a time draft and bill of lading attached, " Under the authorities we think it is plain that the drawee, by accept-

Missouri & Illinois Coal Co. v. Pomeroy.

ance of the draft, becomes entitled to the goods shipped, and to have the bill of lading surrendered or indorsed to him. The transfer of the bill of lading in such case operates to clothe the acceptor with evidence of title to the goods as the purchaser."

In Lewis v. Springville Bkg. Co., 166 Ill. 316, it was held that where a bill of lading to the consignee was delivered by the shipper to a bank as security for money advanced on his drafts, that fact would operate as a delivery of the consignment itself.

We are therefore of opinion that whether the coal was contracted to be delivered at Chicago or at the mines, was a question of intention of the parties, and it seems clear from the contract and the evidence, that the intention was to deliver it at Chicago. They did not intend the title should pass until the bill of lading was delivered at Chicago to appellee, the draft paid and the coal had arrived.

The instructions for both parties must be considered together as a whole, and as the instructions of appellant tell the jury that the appellee must prove his case by a preponderance of the evidence, that avoids any claim of error in that regard in the appellee's instructions.

The court should have given appellant's seventh instruction as asked. R. R. Co. v. Estep, 162 Ill. 130; R. R. Co. v. Nash, 166 Ill. 528.

It can not be said, as in these cases, that the substance of the instruction was given in the instruction as modified by the court. That could be said if the parties to the cause were both natural persons, or if the modified instruction had been applied to the witnesses generally. The only possible application this instruction could have in this case, would be to appellee, unless to appellant's witness Coffey, who was not a party, nor, so far as the record shows, interested in the event of the suit. The modified instruction speaks of parties, their situation and interest in the result, and their testimony, and naturally, the jury would put the testimony of Coffey in these respects on the same basis as that of appellant. The instruction as modified was calculated to seriously

prejudice appellant. Moreover, when the evidence is very conflicting, as in this case, the instructions should be accurate. Chicago City Ry. Co. v. Canevin, 72 Ill. App. 83, and cases cited.

The judgment will be reversed and the cause remanded.