## Louis M. Stumer et al. v. Cora Wilson.

1.  APPELLATE COURT PRACTICE—*Error Must be Shown by the Abstract.*—When error is claimed, it must be shown by the abstract or it will not be considered.

2.  CONTRACTS—*Offer to Perform—When Not Necessary.*—Where an employe under a contract is wrongfully discharged, he is not afterward required to offer to work before he can recover for breach of the contract by reason of such wrongful discharge.

3.  PARTNERS—*Joint Liability.*—Where parties are sued as partners and their joint liability is not denied by affidavit, under the statute (2 S. & C., Ch. 79, Sec. 64), the plaintiff need not prove such joint liability in the first instance.

Assumpsit, for wages. Trial in the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed April 17, 1899.

JOSEPH W. ERRANT, attorney for appellants.

P. W. SULLIVAN, attorney for appellee.

Where one or more defendants in an action *ex contractu* are not served, it is proper to take a judgment against those who are served. 3d Starr and Curtis' Ann. Stat., Practice Act, Chap. 110, Par. 10, Sec. 9; Fender v. Stiles, 31 Ill. 460; Pierson v. Hendrix, 88 Ill. 34; Coursen v. Hixon, 78 Ill. 339.

The writ of scire facias, contemplated in section 9 of the practice act, is a writ of summons and nothing more. Coursen v. Hixon, 78 Ill. 339.

When several joint debtors are sued and one or more of them shall not be served with process, the recovery of the judgment against the parties served shall be no bar to a recovery on the original cause of action against such as are not served. 3d Starr and Curtis' Ann. Stat., Practice Act, Chap. 110, Par. 12, Sec. 11.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellee recovered a judgment against appellants, Stumer and Rosenthal, before a justice of the peace, from which

they appealed to the Circuit Court, where a trial before the court and a jury resulted in a judgment against them for $127, from which they have taken this appeal.

It is claimed that the suit was instituted before the justice against appellants and one Louis Eckstein as partners, under the name of the Millinery World; that no service was had on Eckstein either before the justice or in the Circuit Court, and it was therefore error to take judgment against appellants. Whatever may be the merit of such a contention, it is sufficient to say, as is the fact, that the abstract fails to show that the suit was ever brought against Eckstein, or that he was jointly liable with appellants.

When error is claimed, it should be shown by the abstract or it will not be considered. City of Chicago v. Fitzgerald, 75 Ill. App. 177, and cases cited; Harper v. Dixon, 70 Id. 136.

Appellee's claim is based on her wrongful discharge by appellants, in violation of a verbal contract alleged to have been made between her and appellant Rosenthal, by which she was employed as trimmer to work for appellants in the millinery business from March 29 to June 26, 1897, at $20 per week. There was no material conflict in the evidence except as to the duration of the contract and whether appellee was, under its terms, required to work nights. This conflict presented a question peculiarly for the jury, and we can not say the verdict is manifestly against the weight of the evidence.

Appellants contend that, admitting there was a contract, as appellee testified, still there was adequate cause for appellee's discharge, and she can not recover. Appellants say they discharged appellee because she refused to work nights, and offered evidence as to an alleged custom to that effect in the busy season of the millinery trade. If it be conceded there was such a custom, that would not conclude appellee. She testified that it was part of her contract she was not to work nights. Rosenthal says he told her she would be obliged to work nights. It was for the jury to say which was right.

The only instruction given, and that was on behalf of appellee, while basing her right of recovery on the wrongful discharge, would seem also to require that "she was ready, able, willing, and offered to work and perform her duties" pursuant to the contract. Appellants claim that the evidence fails to show that she expressed her willingness to work, or offered to work and complete the contract, and therefore, under the instruction, appellee could not recover.

The jury evidently disregarded the instruction of the court, and was right. The evidence shows that appellee was discharged, and appellants say rightfully so. Appellee says that when she was discharged Mr. Rosenthal said, "Hurry up and get out of here as quick as you can. If you do not, I will kick you out." It is true this language is denied, but that she was discharged is affirmed. That being so, appellee was not thereafter required, under the law, to offer to work before she could recover for the breach of her contract by reason of a wrongful discharge. Chicago House Wrecking Co. v. Rice Co., 67 Ill. App. 686; Mo. & Ill. Coal Co. v. Pomeroy, 80 Ill. App. 144.

The further claim is made that there is no evidence that shows the liability of Stumer, and as the judgment is a unit, it can not stand.

The record shows that appellants were sued as partners, joint liability was not denied by affidavit, and under the statute (2 S. & C., Ch. 79, Sec. 64) appellee need not prove the joint liability, in the first instance, under such circumstances. There being no reversible error shown, the judgment is affirmed.