### Bernard Mansfield v. Chicago, Burlington & Quincy Railway Company.

#### Gen. No 4,721.

1. PLEA—*what admitted by failing to traverse.* Allegations of a plea not traversed by replication are admitted. This is true notwithstanding the allegations of the plea not so traversed were

unnecessary and were allegations of matters which might have been proven under the general issue.

2. INSTRUCTION—*upon interest of plaintiff approved.* An instruction directing the jury that they may consider the interest of the plaintiff in the result of the suit as bearing upon his credibility, in form as follows, is approved:

"The plaintiff is permitted by law to testify in his own behalf, but the law also provides that his interest in the event of the suit may be considered by the jury in determining the credit to be given to his testimony."

Action on the case. Appeal from the Circuit Court of DeKalb county; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

CLIFFE & CLIFFE, for appellants.

HOPKINS, PEFFERS & HOPKINS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action on the case brought by appellant in the Circuit Court of DeKalb county to recover damages alleged to have been sustained by appellant by being forcibly ejected from appellee's cars, and for the conversion of a coat.

The declaration in four counts averred in substance, that appellant, while a passenger on appellee's cars, was by its servants, without lawful cause, assaulted and wantonly, forcibly and wilfully struck, pulled and pushed from the cars upon the platform thereof and thence to the ground, thereby seriously injuring him in body and reputation; and also averred the conversion of a coat. Appellee filed the general issue, and with leave of the court, four additional pleas, to which replication was filed. A trial was had by a jury on issues joined on the *similiters* tendered by the general issue and the replications, resulting in a verdict for appellant of $1.00. A motion for a new trial was overruled, judgment entered on the verdict, and this appeal is prosecuted to review the judgment.

The evidence in this case briefly stated, is that on the morning of February 6, 1906, a party of persons composed of appellant, B. Margolos, B. Goldstein and wife and three children, one of whom was Rose Goldstein, boarded a train of the Chicago, Burlington & Quincy Railway Company at Canal and 16th streets, Chicago, to go to Sandwich, Illinois, a station west of Aurora. The three men went into the smoking car of the train and Mrs. Goldstein and the three children got seats in the ladies' car. Rose Goldstein sat on the south side of the ladies' car by herself, while her mother sat on the other side with the other two children. When the conductor of the train passed through to collect the fares, appellant handed him a twenty-five ride ticket to Aurora, for the fares of the three men and Mrs. Goldstein. The conductor, after proceeding, came across Rose Goldstein in the ladies' car, and he then went back to appellant and told him he wanted a half fare for her. Appellant told him she was not old enough, and he then told the conductor he would fix it when he left Aurora. After leaving Aurora, the conductor again went through the train to collect the fares and this time appellant handed him four tickets, whereupon the conductor again told him he would have to pay fare for Rose Goldstein, and appellant replied that she was not old enough. The conductor then stated that she was old enough and demanded a half fare, and told appellant if he refused to pay the half fare for the child he would put him off the train. Appellant told the conductor to put him off. After some further altercation between them, the conductor did put appellant and his charge, said Rose Goldstein, off when the train reached Montgomery, the first station west of Aurora. During this trouble, appellant's overcoat was left on the train and was left for him at Sandwich, but he refused to accept the same, and the coat was delivered to him at the trial of the case.

That appellant was a passenger on appellee's cars, and was forcibly ejected therefrom, was admitted by the special pleas, but in justification thereof it was averred that at that time appellee had a rule or regulation that children of eight years should pay fare; and that at that time appellant had in his charge and under his control one Rose Goldstein, a child eight years of age, and that appellant then and there conducted and represented himself as being in charge and custody of the said Rose Goldstein; and that on being requested to pay fare for himself and the said Rose Goldstein or leave the cars, he refused to pay the fare of the said Rose Goldstein or leave the cars, and that its servants used no more force than was necessary to remove appellant. Appellant's replications to the pleas traversed only the allegations that at the time in question he was in charge and custody of the said child Rose Goldstein; and did conduct and hold himself out to be in the charge and custody of the said Rose Goldstein.

Appellant complains of instructions number one, two, three and four given on behalf of appellee. These instructions were based upon the pleadings on the case, and told the jury that certain things pleaded in justification by appellee and not traversed by appellant, were admitted. It is the purpose of the pleadings to narrow down the issue to be submitted to the jury, and not permit them to pass upon questions of fact over which there is no controversy between the parties themselves, and whether or not there is controversy over the facts must appear from the contents of the pleadings; and the instructions complained of only told the jury that the statements relied upon in justification and not denied by appellant were to be taken as admitted. Appellant complains that these instructions invaded the province of the jury. We think this point is not well taken, for it is an elementary rule of pleading at law that whatever is not

traversed or denied is by implication admitted. The rule is general and applicable to all common law pleading. In Gould on Pleadings, the rule is stated as follows: "Each party tacitly admits all such traversible allegations on the opposite side as he does not traverse, for, as each party is allowed to deny in some form all material facts alleged against him, the omission by either to traverse any such fact alleged by his adversary is justly considered an admission of it." Gould's Pl. 141. It is difficult to see how appellant in this case, after declining to deny the allegations upon which the instructions above quoted were based, can take any benefit from his refusal to traverse or deny such facts. The admission of their truth follows as a legal conclusion from the appellant's failure to traverse them, and such conclusion cannot be obviated by a protestation on the part of appellant that their truth is not admitted. People v. Crabb, 156 Ill. 155. Nor can the appellant, as he here urges, escape the consequence of his failure to traverse the allegations of the pleas, by now insisting that the additional pleas were unnecessary on the ground that everything therein contained was susceptible of proof under the general issue. Whether the additional pleas were necessary is not the question here involved. That question might have been raised in the trial court by demurrer. It is a well-established rule of pleading that if the facts are alleged in a special plea, which can be given in evidence under the general issue, such a plea is obnoxious to a special demurrer. Governor, etc. v. Lagow et al., 43 Ill. 134. We are of the opinion that the instructions complained of did not, as appellant urges, invade the province of the jury, but bore only on the facts admitted. Therefore we think there was no error in giving those instructions.

Appellant next complains of instruction number seven given for appellee, which reads as follows: "You are further instructed that if you believe from

the evidence that the plaintiff at the time in question conducted himself as being and represented himself to be in charge of the child, Rose Goldstein, then your verdict must be for the defendant." Appellant asked, and the court gave on his behalf, an instruction which read as follows: "And if you further believe from the evidence that he did not represent himself or held himself out as the custodian of said child or in charge of said child, then, as a matter of law, the defendant would have no right to eject the plaintiff from the car of the defendant, and you should find the defendant guilty." There is nothing in the instruction given for appellee in conflict with that given for appellant, and, read together, they fairly presented the law to the jury. We think appellant's complaint of appellee's seventh instruction is without merit.

Appellant next complains of the following instruction given on behalf of appellees: "The plaintiff is permitted by law to testify in his own behalf, but the law also provides that his interest in the event of the suit may be considered by the jury in determining the credit to be given to his testimony." The substance of this instruction was approved in West Chicago St. R. R. Co. v. Estep, 162 Ill. 130; West Chicago St. R. R. Co. v. Nash, 166 Ill. 528; Chicago City Ry. Co. v. Tuohy, 196 Ill. 410, and Hanchett v. Haas, 219 Ill. 546-547.

Appellant finally urges that the verdict is against the weight of the evidence. If, by his contention, appellant means the damages recovered are inadequate to the injuries sustained we cannot agree with him. He left the coat on the train and received it at the trial, and could have had it at any time subsequent to his expulsion from the cars by calling at appellee's depot near his place of business. The evidence shows that he sustained little, if any, injury to his person and none to his reputation. He had the luxury of a lawsuit which the evidence shows he provoked, and at the

expense of appellee, and should be satisfied with re-
sults.

No reversible error appearing in the record, the
judgment of the trial court is affirmed.

*Affirmed.*