# St. Louis, Alton & Terre Haute R. R. Co.

## v.

# David Huggins.

1. Testimony of employes—Instructions.—In the absence of all proof of bias or prejudice resulting from their employment, an instruction to the effect that if the jury believed from the evidence that the employes had testified under fear of losing their employment and a desire to please their employer, they could take such circumstances into consideration in weighing the evidence, was erroneous. · The evidence of employes should be tested and weighed as that of other witnesses.

2. Negligence.—When the negligence complained of is a failure to perform a statutory duty, the only question of fact for the jury is, whether there was such failure. Upon the jury finding that there was such failure, negligence is judicially implied, and this must be declared by the court.

Appeal from the County Court of Perry county ; the Hon. S. G. Parks, Judge, presiding. Opinion filed January 8, 1887.

Mr. R. W. S. Wheatley, for appellant.

Mr. H. P. Scott and Mr. R. M. Davis, for appellee.

Wilkin, P. J.   This suit originated before a justice of the peace, and was brought to recover the value of a mare, alleged to have been killed on the road of appellant by its engine or cars, it having failed to maintain suitable fences and gates as required by Sec. 62, C. 114, R. S.

The trial before the justice of the peace resulted in a judgment for appellant for costs, and appellee appealed to the county court.   On the third trial in that court (juries having failed to agree on the first and second) a verdict was returned for appellee, fixing his damages at $100.   Motions for new trial and to limit the number of witnesses whose fees should be taxed against appellant, being overruled, judgment was entered on the verdict, and appeal prayed and allowed to this court.   Numerous errors are assigned on the record, but it is

only necessary to notice a few of them. The motion to limit the number of witnesses whose fees should be taxed against appellant, is authorized by Sec. 15, C. 33, R. S., and is addressed to the discretion of the trial court. While the facts appearing in this record would have justified an order sustaining the motion, we can not say that in overruling it there was such an abuse of discretionary power as to warrant a reversal of the judgment on that ground. Appellant asked twenty-four instructions, thirteen of which were given, and it now assigns as error that seven were refused. The law governing the rights of the parties being plain, and susceptible of statement in a few brief instructions, there was neither necessity nor excuse for presenting even the number given, and the court below was fully justified in refusing those not given. They announce no rules of law applicable to the case, not contained in those given. Before noticing the instructions given at the instance of appellee, it is proper to review briefly the evidence as applied to his theory of the case. In doing so it may be conceded that if the animal got upon the track of appellant, and was there injured by its engine or cars, it did so either by reason of a failure of appellant to keep its fences in repair or through the negligence of its servants in not keeping a gate at a farm crossing closed. The substantial question of fact being whether or not the injury complained of was, within the meaning of the statute, caused by the locomotive of appellant. There is an entire absence of proof, either direct or circumstantial, that the engine or cars of appellant actually came in contact with the animal. No one pretends to have seen her struck. No marks or bruises were found upon her indicating that she had been knocked or thrown from the track. Appellee himself testified that he examined her carefully and "found no bruises on her hind parts, or scratched places, or where the hair was rubbed off."

Other witnesses testify to the same effect. All the witnesses who speak of injuries, locate them on the head and breast, and appellee, with others, describes a place in the road near a crossing which they say indicated that she had been thrown or fallen from the grade. In the light of all the evi-

St. L., A. & T. H. R. R. Co. v. Huggins.

dence it is clear that the most that appellee can maintain is, that being on the track, through the negligence of appellant to properly inclose its track, the animal was chased by its train and, through fright, jumped or fell from the grade and was injured. The law, however, in such a case, affords him no remedy unless it is shown that there was negligence in the management or running of the train, of which there is no pretense in this case. Wharton on Negligence, 2d edition, Sec. 898 and authorities cited, note 4. Redfield on Railways, Vol. 1, 493. If, however, the question of liability under this statute, when the evidence fails to show that the animal is struck by the engine or cars, be treated as an open one in this State, and appellant be held liable on the ground that the locomotive and cars caused her death by driving, forcing or frightening her off the grade in such a manner as to so injure her that she died, still it may be seriously questioned whether the evidence would sustain the verdict. As before stated, the evidence on behalf of appellee is all circumstantial and by no means conclusive; that of the engineer and fireman in charge of the locomotive which must have done the injury, if done at all, as well as that of several witnesses who were in plain view of the train and track at the place where appellee insists the mare fell, swear positively that she was not on the track in front of the train; the engineer being positive that he saw a horse answering her description on the right of way, not near the track, as he passed. In fact it is only a matter of opinion as to whether the death was occasioned by an injury or from disease, witnesses of experience in the treatment of horses swearing that, in their opinion, she died from colic, while others attribute her death to an injury.

It is unnecessary to particularly discuss or weigh all the evidence produced on the trial. An impartial consideration of it must lead any fair mind to the conclusion that under the most favorable construction of the law, the judgment below can only be sustained upon the theory that there is evidence tending to support the verdict, and in the conflict the court should not interfere. In such a view of the case it is well settled that the instructions should be accurate and fairly state

the law as to both parties. The fourth of appellee's instructions is as follows: The court further instructs the jury that if you believe from the evidence that any witness has testified under fear of losing his employment, or desire to avoid censure, or a fear of offending, or a desire to please his employer, then you may consider such fact in determining the weight of his evidence; and if you believe that such circumstances have induced such witness or witnesses to color their evidence in favor of the defendant, or to suppress any facts favorable to plaintiff's side of the case, or if you believe that such feelings or motives so operated on the minds of such witness or witnesses as to bias the judgment of such witness or witnesses as to the facts about which they testify as thus to suppress the whole, or any part of it, you may take these circumstances into consideration and give such witness or witnesses' evidence such weight only as you may think it entitled to. (Given.)

The effect and manifest intention of this instruction was to weaken or destroy the force of the testimony of appellant's engineers and firemen, the most direct and positive evidence introduced on the trial. It could apply to no other witness, because none other appears from the proof to have been under employment. There is not the slightest intimation in the evidence that any witness testified under fear of losing his employment, a desire to avoid censure, a fear of offending, or a desire to please his employer, and therefore, upon the well settled rule that instructions must be based upon evidence, there was manifest error in giving this one. It is no more nor less than a suggestion to the jury that they may discredit or disregard the evidence of men occupying the most perilous and responsible positions, merely because they were, at the time of testifying, in the employ of appellant. This was unjust to the witnesses and unfair to appellant. The evidence of employes should have been tested and weighed as that of other witnesses, and in the absence of all proof of bias or prejudice resulting from their employment, this instruction should have been refused. The first instruction is awkwardly constructed. The third, subject to criticism in announcing that the omissions

therein stated would constitute gross negligence.   The objection urged by appellant that it takes the question of negligence from the jury, is not tenable.   The negligence here complained of is a failure to perform a statutory duty, and the only question of fact for the jury is whether there was such failure. "If so, negligence is judicially imputed, and this must be declared by the court." Wharton on Negligence, Sec. 420. " The court has no authority to determine the fact of negligence, *unless it be in the non-observance of a positive requirement of law.*" Galena & Chicago Union R. R. Co. v. Dill, 22 Ill. R. 271; Toledo, Peoria, etc., Railway Co. v. Foster, 43 Ill. R. 415.   This and other instructions given on behalf of appellee are subject to the further criticism that it directs the jury if certain facts are proved to find for the plaintiff, "*provided all the other material facts are proved,*" without in any instruction informing them what the material facts are. On cross-examination appellee's attention was called to a letter addressed to certain officials of appellant, referring to the killing of the mare in question, containing threats of destroying property, etc., and he was asked if he did not write it.   The question was objected to and the objection sustained.   In this there was error.   Greenleaf on Evidence, Vol. 1, Sec. 450. The witness did not claim his privilege on the ground that his answer would criminate him.   The objection was based on incompetency.   After so many trials, it is to be regretted that the litigation between these parties can not now be ended, but in view of the several substantial errors appearing in the record the judgment can not be affirmed, and the opinion of a majority of this court being that the cause should be remanded for further disposition in the county court, that order will be entered.

Reversed and remanded.