THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

MARTIN DOUGHERTY.

*Opinion filed December 22, 1897.*

1. INSTRUCTIONS—*when instruction does not single out and give undue prominence to particular testimony.* An instruction that the deposition of a certain person (naming him) should be considered by the jury with all the other evidence in the case, and be given such weight as they might think it entitled to in connection with the circumstances and evidence in the case, does not single out and give undue prominence to particular testimony.

2. SAME—*where the evidence is conflicting the jury should be accurately instructed.* Where there is a conflict in the evidence it is important that the jury should be accurately instructed as to questions of law.

3. Appeals and errors—*when refusal of an instruction concerning the plaintiff's interest will reverse.* The refusal of an instruction that while the law permits the plaintiff to testify, yet the jury may consider that he is the plaintiff and interested in the suit, in determining how much credence is to be given to his testimony, will work reversal, where there is a conflict in the evidence and no other instruction upon the question is given.

*West Chicago Street R. R. Co.* v. *Dougherty*, 64 Ill. App. 599, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Philip Stein, Judge, presiding.

This was an action for personal injuries, brought by Martin Dougherty, against the West Chicago Street Railroad Company, resulting from an accident which occurred in October, 1892, at the intersection of Milwaukee and Wabansia avenues, in Chicago. Appellee, about seven o'clock in the morning, was riding to his work in a wagon owned and driven by one James O'Brien. Wabansia avenue, at the place where it crosses Milwaukee avenue, does not run directly east and west, but there is a jog in the street of about one hundred and seventy-five feet. As the wagon approached Milwaukee avenue on Wabansia avenue from the east and turned north on Milwaukee avenue in order to again go to Wabansia avenue, a car of appellant company, north-bound, passed them, and after it had proceeded some twenty-five or thirty feet past the wagon, O'Brien turned his horse for the purpose of crossing the tracks. At this time another car of appellant, south-bound, was from seventy-five to one hundred feet distant, but the north-bound car which had just passed the wagon obstructed the view of O'Brien, the driver. The car struck the wagon with such force as to throw it some eighteen feet, and appellee was thrown out and received serious injuries.

Upon the trial of the cause in the circuit court of Cook county the jury returned a verdict in favor of plaintiff

below for $3000, on which judgment was rendered, and on appeal to the Appellate Court this judgment was affirmed. From the judgment of the Appellate Court this appeal is prosecuted to this court.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

JAMES B. MCCRACKEN, and ALBERT M. CROSS, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

All questions of fact have been conclusively settled by the judgments of the circuit and Appellate Courts. Appellant assigns and urges as error the admission of certain testimony, and the giving of instructions on the part of the plaintiff below and the refusal of instructions on behalf of the defendant.

Upon the trial of the cause the defendant desired to show by the plaintiff that just before the accident he had remonstrated with O'Brien, the driver, as to the danger of crossing the track at that particular time, and assigns as error the court refused to permit it to do so. An examination of the record discloses that there was no error in this respect. The witness, on being interrogated regarding this fact, was asked:

Q. "Well, you didn't tell him what to do and what not to do, did you?

A. "No, sir; I told him nothing.

Q. "You didn't find any fault with him for what he did?

A. "No, sir."

The trial court, at the request of the·plaintiff, instructed the jury that the deposition of one James O'Brien should be considered by the jury with all the other evidence in the case, and be given such weight as they might think it entitled to in connection with the circumstances and the evidence in the case. It is urged that

this instruction singles out and gives undue prominence to the evidence of O'Brien. The object of the instruction was to inform the jury that the deposition, under the law, should be considered in the same manner as if the witness had himself been present and testified in the case. It is apparent the jury were not misled or deceived by the instruction. It did not call attention to any fact testified to, but to the fact that a deposition was to be considered in the same way as if the witness had testified in open court.

Error is assigned by appellant that the court refused to give to the jury the following instruction asked by defendant:

"The jury are instructed that while the law permits the plaintiff in the case to testify in his own behalf, nevertheless the jury have the right, in weighing his evidence, to determine how much credence is to be given to it, and to take into consideration that he is the plaintiff and interested in the result of the suit."

No instruction was given on this question and no objection exists to the instruction. There was a sharp conflict in the evidence as to who was guilty of negligence,—the plaintiff and the driver of the wagon or the servants of the defendant. The evidence for the plaintiff as to the negligence of defendant was shown by his testimony and that of O'Brien. The testimony of the gripman and of four or five passengers on the car which struck the wagon was in conflict with the testimony for plaintiff. We have held that where there is such conflict it is important that the jury should be correctly instructed. The refusal of this instruction was error.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*