## Cicero & Proviso St. Ry. Co. v. Josie M. Rollins.

95 497
r195s 219

1. WITNESSES—*Employes of Parties Litigant—Test of Interest.*—The test of interest is to be applied the same to all witnesses, whether employes of a litigant, individual or corporate, or not employes at all, and while the circumstances may vary, the test remains the same. The testimony of employes of litigants is to be weighed and tested by the same principles and rules that apply to other witnesses.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed June 10, 1901.

JOHN A. ROSE and LOUIS BOISOT, JR., attorneys for appellant; W. W. GURLEY, of counsel.

WM. R. PAYNE and ORA E. CHAPIN, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

This suit was brought by appellee to recover damages for personal injuries sustained by her through negligence of appellant. Appellee was a passenger upon one of the cars of appellant and was injured while attempting to alight from a car. The jury returned a verdict for appellee, assessing her damages at $2,000, and judgment was entered upon this verdict.

It is unnecessary to consider the evidence, as no claim is made that it fails to support the verdict. The following, among other instructions, was tendered to the court by counsel for appellant:

"19. The court instructs the jury that while they are

the judges of the credibility of the witnesses, they have no right to disregard the testimony of an unimpeached witness sworn on behalf of the defendant simply because such witness was or is an employe of the defendant; but it is the duty of the jury to receive the testimony of such witness, in the light of all the evidence, the same as they would receive the testimony of any other witness, and to determine the credibility of such employe by the same principles and tests by which they would determine the credibility of any other witness."

To this instruction the court added certain words, at the end of it, by way of modification, and then gave the instruction to the jury so modified. The words added were, " In the employ of an individual litigant."

Another instruction tendered by counsel for appellant, and given as proffered, is as follows :

" 9.   The court instructs you that you are the judges of the credibility of the various witnesses who have testified in the case and of the weight you will give the testimony of each.   In doing this you may take into consideration the interest such party may have in the result of the suit, if any, the relation of the witness testifying to either the plaintiff or defendant in the suit, any motive or inducement that may appear from the evidence in the case, if any does appear, that might influence such witness to testify falsely, the reasonableness or unreasonableness of the story told, its probability or improbability, its corroboration or want of corroboration by other credible testimony in the case, and from the testimony in the case you are to decide how much weight you will give to the testimony of each witness who has testified in the case."

The modification of the 19th instruction, as above noted, is the only ground which is presented by counsel in briefs or oral argument as ground for reversal.

The instruction as proffered was correct, and as modified and given it was still correct as a proposition of law.   The instruction as modified and given told the jury in effect that there were no different tests to be applied in the measurement of the credibility of witnesses, whether they were employes of a corporate or of an individual litigant.   But the instruction as proffered went further and told them in effect that no different tests were to be applied, whether

they were employes of individual or corporation, or not employes of any one.

The appellant was entitled to have the instruction given as presented and without the limitation put upon it by the modification.    The test of interest is to be applied the same to all witnesses, whether employes of a litigant, individual or corporate, or not employes at all, and while the circumstances vary, the test remains the same.    The testimony of employes of litigants should be weighed and tested by the same principles and rules as apply to other witnesses.    St. L., A. & T. H. R. R. Co. v. Huggins, 20 Ill. App. 639.

Nevertheless, we are of opinion that the refusal of the learned trial court to give the instruction as tendered, and the giving of it as modified, afford no sufficient ground for a reversal of the judgment.    We regard the possibility as remote that the jury were thereby misled into supposing that there was a different test to be applied to the credibility of witnesses who are employes of litigants from the test applied to witnesses who are not employes.    The preceding parts of the same instruction informed the jury in clear and positive terms that they had no right to disregard the testimony of an unimpeached witness merely because he was employed by the defendant, and that it was the duty of the jury to receive such testimony as they would receive the testimony of any other witness.    By the 9th instruction the jury were further directed as to the tests to be applied to the credibility of witnesses generally, and no exception was made or limitation imposed as to witnesses who were or were not in the employ of the litigants.

We are of opinion that, taking all the instructions together, it is not to be presumed as likely that the jury were at all misled.

No other question is presented.

The judgment is affirmed.