THE CICERO AND PROVISO STREET RAILWAY COMPANY

*v.*

JOSIE M. ROLLINS.

*Opinion filed February 21, 1902.*

1. INSTRUCTIONS—*when instruction is improperly modified.* In an action against a corporation, an instruction holding that witnesses were not to be discredited because they were employees "of the defendant" is improperly modified by substituting the words "of an individual litigant" for the words "of the defendant."

2. SAME—*when improper modification of instruction will not reverse.* An improper modification of an instruction asked by the appellant is not ground for reversal, if, considering the other instructions given for appellant, it is apparent that the improper modification could not have misled the jury to his prejudice.

*Cicero and Proviso Street Ry. Co.*v. *Rollins,* 95 Ill. App. 497, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellant.

WILLIAM R. PAYNE, and ORA E. CHAPIN, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of affirmance in the Appellate Court in favor of appellee, against appellant. The action was for a personal injury, tried in the circuit court of Cook county, in which plaintiff recovered a judgment for $2000.

A sufficient statement of facts appears in the opinion of the Appellate Court, (95 Ill. App. 497,) and need not be repeated here.

On the trial of the case the defendant introduced certain of its employees as witnesses, and asked the court to instruct the jury as follows:

"The court instructs the jury that, while they are the judges of the credibility of the witnesses, they have no right to disregard the testimony of an unimpeached witness sworn on behalf of the defendant simply because such witness was or is an employee of the defendant, but it is the duty of the jury to receive the testimony of such witness in the light of all the evidence, the same as they would receive the testimony of any other witness, and to determine the credibility of such employee by the same principles and tests by which they would determine the credibility of any other witness."

The court modified it by adding the words, "in the employ of an individual litigant." This modification is the only error of law complained of in this court.

The objection to the modification is, that it, in effect, destroyed the force of the rule announced in the instruction, that the employees of the defendant were not to be discredited because they were employees, but their testimony was entitled to be treated the same as that of any other witness or witnesses testifying in the case. In other words, that the modification still left the jury to classify witnesses into two classes: First, those who were employees (either of a corporation or in the employ of an individual litigant); and second, all others. The modification was uncalled for, and in view of the facts should not have been made. No employee of an individual litigant testified in the case, and it was improper for the court to put those of the defendant on the same footing with that class of employees. The ninth instruction given on behalf of the defendant gave, in general terms, the correct rule by which the credibility of witnesses should be determined, and concluded: "And from the testimony in the case you are to decide how much weight you will give to the testimony of each witness who has testified in the case." In view of this instruction, together with the modified instruction considered as a whole, in the light of the evidence, the jury could

not have discredited the defendant's employee witnesses simply because they were employees of the defendant company, and we cannot conceive that the modification so far misled the jury as to call for a reversal of the judgment below.    It will accordingly be affirmed.

*Judgment affirmed.*