## Mary Scanlan, by her next friend, v. Chicago Union Traction Company.

### Gen. No. 12,515.

1. INSTRUCTIONS—*particular phrase at beginning of, will not reverse.* A strong sentence indicative of the defendant's theory, read to the jury at the beginning of a long series of instructions, is not ground for reversal.

2. UNEXPECTED DANGERS—*instruction as to duty of carrier with respect to, approved.* An instruction upon this subject as follows, approved:

"The court instructs the jury that while the defendant in operating its said cars in question was bound to have regard to the rights and safety of others, yet it was not obliged to be all the while on its guard against the not reasonably to be expected, the unusual and extraordinary, and if the jury believe from the evidence under the instruction of the court, that the plaintiff's suddenly starting to run across the street in front of the defendant's car, if she did so run, was, under all the circumstances in evidence extraordinary, not reasonably to be expected, or unusual, and that as the car approached the place in question it was being operated with ordinary care by the servant or servants in charge thereof, then it became the duty of the defendant to stop its car only as soon as the servant or servants in charge thereof had notice or knowledge of the apparent intention of the plaintiff to do as she did; and if the jury believe from the evidence, under the instructions of the court, that such notice or knowledge came too late for the said servant

or servants in the exercise of ordinary care to stop said car without injuring the plaintiff, then the jury must find the defendant not guilty."

3. STREET CROSSINGS—*instruction as to duty of person at, to look and listen, approved.* An instruction upon this subject as follows, approved:

"If you believe from the evidence, under the instructions of the court, that the degree of care required of said plaintiff for her own safety, as defined in these instructions, required her before crossing said track to look and ascertain whether the track was clear or whether a car was approaching, and if the jury believe from the evidence, under the instructions of the court, that the plaintiff by the exercise of such care would have looked and ascertained whether the track was clear and whether or not a car was approaching, and if the jury further believe from the evidence, under the instructions of the court, that the plaintiff did not so look and ascertain whether the track was clear and whether or not a car was approaching, and that she was injured in consequence of her failure to so look and ascertain, if she did so fail, then the court instructs the jury to find the defendant not guilty."

4. INTEREST OF PLAINTIFF—*instruction which singles out, proper.* An instruction which singles out the plaintiff and calls attention to his interest in the controversy as affecting his credibility, is proper.

Action on the case for personal injuries. Error to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 12, 1906.

THOMAS E. ROONEY, for plaintiff in error.

JOHN A. ROSE and ALBERT M. CROSS, for defendant in error; W. W. GURLEY, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This writ of error brings before us for review the record of a judgment of the Superior Court in favor of the defendant in a suit brought by plaintiff in error against defendant in error to recover damages for personal injuries.

The plaintiff in error, a little girl about eleven years old, was struck and injured by a train of cars owned and operated by the defendant in error on West Madison street in Chicago while she was attempting to cross that street from one side to the other at or near its intersection with Hamlin avenue on August 14, 1902. The jury returned a verdict after hearing the evidence offered in behalf of both parties, and the court rendered judgment on the verdict.

Plaintiff in error urges as grounds of reversal that the trial court erred in giving sundry instructions asked by defendant in error. Plaintiff in error asked but one instruction which was given as instruction number one. All the other instructions given, numbered two to nineteen inclusive, were requested by defendant in error. Objections are made to instruction number two, which is as follows:

" The court instructs the jury that the law will not and does not permit one to bring upon himself an injury and then recover damages from some other person because of such injury. And if you believe from the evidence in this case, under the instructions of the court, that the plaintiff knew of the approach of said car, or by the exercise of the degree of care ordinarily to be expected of one of her age, discretion, intelligence and experience, and under the same or like circumstances would have known of the approach of said car, and if you further believe from the evidence in the case that she, notwithstanding, ran upon said street car track ahead of said car and was thereby injured, and that in so doing, if she did so, she failed to exercise the degree of care for her own safety above defined, then the plaintiff cannot recover in this case and you should find the defendant not guilty."

It is urged that it is improper to start out a long series of instructions with the first part of the first sentence of this instruction.

The defendant's evidence tended to show that the plaintiff was not struck at a street crossing, but at a point between crossings; that plaintiff left the sidewalk and ran at high speed diagonally across the street in front of defendant's car which was going at high speed. Defendant's right to have the law applicable to its theory of the case presented to the jury in the instructions cannot be doubted. Fessenden v. Doane, 188 Ill. 228; Mt. Olive Coal Co. v. Rademacher, 190 Ill. 538; C., B. & Q. R. R. Co. v. Camper, 199 id. 569. The phrase criticised merely calls the attention of the jury to defendant's theory of the case and the remainder of the instruction to the legal principle applicable thereto, and we perceive no serious objection to it on

the ground urged that these words coming from the court must have had a strong impression upon the jury.

The further criticism of the instruction is made that it ignored the fact shown by the plaintiff's evidence, but controverted by the evidence on behalf of the defendant, that plaintiff was on a crossing when injured, and had a right to expect defendant's car would approach the crossing at proper speed and with proper warning. What was said in West Chicago Street R. Co. v. McCallum, 169 Ill. 240, cited by plaintiff in error, as to the propriety of the instruction on that point must be considered with reference to the evidence in that case, and about which there was no controversy in the evidence, tending to show that the accident happened at a street crossing. In the case before us all the evidence except that of the plaintiff herself tends to show that the accident did not happen at a crossing. Hence, the rule there announced is not applicable here to the defendant's theory of the case, but the rule expressed in Rack v. Chicago City Ry. Co., 173 Ill. 289, is to be applied.

The seventh instruction was as follows:

" The court instructs the jury that while the defendant in operating its said cars in question was bound to have regard to the rights and safety of others, yet it was not obliged to be all the while on its guard against the not reasonably to be expected, the unusual and extraordinary, and if the jury believe from the evidence under the instruction of the court, that the plaintiff's suddenly starting to run across the street in front of the defendant's car, if she did so run, was, under all the circumstances in evidence extraordinary, not reasonably to be expected, or unusual, and that as the car approached the place in question it was being operated with ordinary care by the servant or servants in charge thereof, then it became the duty of the defendant to stop its car only as soon as the servant or servants in charge thereof had notice or knowledge of the apparent intention of the plaintiff to do as she did; and if the jury believe from the evidence, under the instructions of the court, that such notice or knowledge came too late for the said servant or servants in the exercise of ordinary

care to stop said car without injuring the plaintiff, then the jury must find the defendant not guilty."

This instruction was refused in West Chicago Street R. Co. v. Petters, 196 Ill. 298, and the court said there was no error in refusing it, because there was no evidence on which to base it. The argument against the instruction in this case is based on the plaintiff's theory that the accident happened at the street crossing, and it is urged that it is a novel doctrine that a street railroad company is not obliged to be on its guard against anything unusual, extraordinary or not reasonably to be expected, in operating its cars at or near a public crossing; and on the contrary it must expect the unusual at a crossing. But as we have said above, the defendant had the right to have its theory of the facts submitted to the jury and to have the jury instructed as to the law applicable to the facts as claimed by it. Under the Rack case, *supra*, and Chicago Union Traction Co. v. Browdy, 206 Ill. 615, we think the instruction was proper in this case.

It is claimed in argument that the eighth instruction was confusing in several particulars. The instruction is as follows:

"The court instructs the jury that if they believe from the evidence, under the instructions of the court, that the plaintiff was suddenly and without any negligence or fault on the part of the defendant placed in a position of danger, then in order to charge the defendant with the duty to avoid injuring the plaintiff, the plaintiff must show by a preponderance of the evidence that the circumstances were such that the servant or servants of the defendant had time and opportunity to become conscious, by the exercise of ordinary care, of the facts giving rise to such duty, and a reasonable opportunity to perform it. And if the jury further believe from the evidence, under the instructions of the court, that the circumstances as shown by the evidence did not charge the said defendant with the duty as thus defined, or if the jury believe from the evidence, under the instructions of the court, that the said defendant did not have a reasonable opportunity to perform, by the exercise of that degree of care elsewhere required in these

instructions, such duty as thus defined, then they should find the defendant not guilty."

We are unable to discover any confusion in the instruction. The cases cited above authorize it.

Plaintiff in error contends that the tenth instruction is erroneous. The instruction reads as follows:

"If you believe from the evidence, under the instructions of the court, that the degree of care required of said plaintiff for her own safety, as defined in these instructions, required her before crossing said track to look and ascertain whether the track was clear or whether a car was approaching, and if the jury believe from the evidence, under the instructions of the court, that the plaintiff by the exercise of such care would have looked and ascertained whether the track was clear and whether or not a car was approaching, and if the jury further believe from the evidence, under the instructions of the court, that the plaintiff did not so look and ascertain whether the track was clear and whether or not a car was approaching, and that she was injured in consequence of her failure to so look and ascertain, if she did so fail, then the court instructs the jury to find the defendant not guilty."

It is urged that it cannot be said as a matter of law that it is contributory negligence to fail to stop and listen before crossing a public street. This may be conceded to be the law, where, as in C. & E. I. R. R. Co. v. Schmitz, 211 Ill. 446, there are facts excusing the performance of such duty. But the instruction under review does not say as a matter of law that it is contributory negligence. The instruction submitted to the jury the question whether or not the exercise of ordinary care required the act of looking, to ascertain whether the track was clear and whether there was a car approaching, under all the circumstances, and whether the plaintiff did so look. In Chicago City Ry. Co. v. O'Donnell, 208 Ill. 267, it was held to be reversible error to refuse such an instruction.

The eleventh instruction is criticised as being contrary to the law announced in C. & A. R. R. Co. v. Kelly, 210 Ill. 449, where a very different instruction was under review. The instruction in that case authorized the jury to

disregard the entire testimony of the witnesses who had testified falsely on any material matter "except in so far as it may have been corroborated by other credible evidence which they do believe." The court held that the clause, "which they do believe," required the jury to find the other credible evidence to be true, and not simply that it was credible, before they could give it consideration as tending to corroborate a witness who had testified falsely to a material fact, and it was held for that reason that the instruction was in conflict with the long established rule of evidence in force in this state. We find no error in the instruction before us.

Counsel for plaintiff in error contend that the fourteenth instruction requires ordinary care only instead of great care when cars approach street crossings and therefore it does not announce the correct rule of law. The instruction reads as follows:

"The court instructs the jury that the defendant was not required to exercise towards the plaintiff the highest degree of care, but the said defendant was only required to exercise toward the plaintiff ordinary care, and ordinary care is such care as a person of ordinary prudence would exercise under the same or like circumstances, and if the jury believe from the evidence, under the instructions of the court, that the defendant exercised, at the time and place in question, ordinary care to avoid injuring the plaintiff, but that nevertheless the plaintiff was injured, then they should find the defendant not guilty."

We think the instruction announces the correct rule. West Chicago St. R. R. Co. v. McCallum, *supra*, and West Chicago St. Ry. Co. v. Petters, *supra*. The decisions all agree upon ordinary care as the rule, but what is ordinary care in a particular case depends upon the circumstances of the case. Under some circumstances ordinary care is great care, and under other circumstances a much less degree of care is ordinary care.

The sixteenth instruction is as follows:

"The jury are instructed that while the law permits the plaintiff in the case to testify in her own behalf, neverthe-

less the jury have the right, in weighing the evidence, to determine how much credence is to be given to it and to take into consideration that she is the plaintiff and interested in the result of the suit."

Plaintiff in error contends that this instruction is erroneous for the reason that it calls the attention of the jury to the fact that the plaintiff only was interested, while there were other witnesses for the defense who were also interested. This instruction is, however, sustained by W. C. St. R. R. Co. v. Dougherty, 170 Ill. 379, and W. C. St. R. R. Co. v. Estep, 162 Ill. 130, where it was held reversible error to refuse it.

The seventeenth instruction criticised by counsel for plaintiff in error is precisely the same as was asked in C. & P. St. Ry. Co. v. Rollins, 195 Ill. 219. The trial court modified it slightly and gave it as modified. The modification was held improper and it was also held that it should have been given as asked.

The same point is made in the nineteenth instruction as was made on the fourteenth on the degree of care required of the defendant in operating its car, and what was said above in discussing the point is applicable to this instruction.

No substantial error appearing in the record, the judgment is affirmed.

*Affirmed.*