## William P. Croupp, Appellant, v. Garfield Park Sanitarium, Appellee.

### Gen. No. 14,348.

1. HOSPITALS—*care due patients.* A person conducting a hospital for pecuniary profit owes' to a patient received the duty to use reasonable care for his safety and reasonable skill and diligence in nursing him.

2. PLEADING—*particular declaration construed.* Held, that a declaration in case in question in this cause stated three distinct causes of action.

3. NEGLIGENCE—*when owner of hospital guilty of.* Held, that the jury might reasonably find that under certain circumstances it was negligence for the nurses of a hospital to leave a patient unattended for a period of five minutes.

4. NEGLIGENCE—*when not actionable.* Notwithstanding an act may be negligent, it will not sustain a recovery if it did not proximately result in the injury complained of; if the consequences ensuing the negligence could not reasonably have been anticipated, then the negligence is not actionable.

5. INSTRUCTIONS—*interest of plaintiff.* It is not error to tell the jury in an action where the defendant is a corporation that they may take into consideration the fact of the plaintiff's interest in the result of the suit.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; Hon. WILLIAM H. MCSURELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed February 16, 1909.

**Statement by the Court.** This is an appeal by the plaintiff from a judgment for the defendant, entered on a verdict of not guilty, in an action on the case for personal injuries. The action was brought against appellee and two other defendants, but at the close of the evidence plaintiff took a non-suit as to the defendants other than appellee.

The declaration contains four counts, the allegations of which are the same, with the exception of the allegations of negligence. The first count, omitting the reference to the defendants as to whom plaintiff took a non-suit, alleged that the defendant, Garfield Park

Sanitarium, was a corporation of Illinois, and possessed a building No. 1776 Washington boulevard, Chicago, used as a hospital or sanitarium for the reception of persons afflicted and of treating and curing such persons; that on March 1, 1905, plaintiff, who was suffering from rheumatism, was received in said sanitarium by the defendant for the purpose of being treated for the same; that he was placed by defendant's servants in a certain bed, his limbs having been theretofore bound with cotton and bandages saturated with liniments, and was taken charge of and treated by defendant's servants, who placed him upon a certain pan or vessel in said bed, and carelessly and negligently left him alone in the position aforesaid for a period of half an hour; and plaintiff, who was in the exercise of ordinary care, became weak, exhausted and faint to such an extent by said pan being placed in contact with his flesh and the unnatural position of his limbs and body that he involuntarily moved or changed his position, and in so doing a match which defendant's servants had carelessly and negligently dropped and allowed to remain in said bed became ignited and set fire to the cotton and bandages surrounding plaintiff's person, and plaintiff, endeavoring to escape the flames fell upon the floor and was severely burned and injured; that he was replaced in the bed and caused to remain there the space of one week, during which time certain filth was negligently allowed to remain in and upon said floor, causing an unwholesome odor to pollute the air in said room, thereby aggravating plaintiff's suffering, etc.

That as a consequence of defendant's negligence, he was injured externally and internally in mind and body; his nervous system and brain injured and impaired; his limbs and body severely and permanently injured and burned; his system became infected and poisoned; and he became sick, etc., and he will suffer the effects of said injuries during the remainder of his life, etc.

The negligence alleged in the second count is that defendant carelessly and negligently left plaintiff alone in the position aforesaid for half an hour; that while in the position aforesaid, as a consequence of defendant's negligence and carelessness, the bed clothing and bandages surrounding plaintiff's person became ignited and caught fire, and in endeavoring to escape the flames and fire as aforesaid, the plaintiff fell from said bed and in so doing tipped over the pan or vessel as aforesaid and thereafter defendant's servants replaced plaintiff in the bed and caused him to remain there for the space of one week, etc.

The negligence alleged in the third count is that defendant carelessly and negligently left plaintiff alone for a period of one-half hour and plaintiff, who was in the exercise of ordinary care, became weak, exhausted and faint by reason of the unnatural and strained position in which he was allowed to remain, and the pain caused thereby, involuntarily moved or changed his position, and in so doing caused a certain match, which had been negligently and carelessly allowed to be and remain in said bed, to become ignited and set fire to the cotton and bandages surrounding plaintiff's person, and in endeavoring to escape the flames plaintiff fell upon the floor and was severely burned, and in falling tipped over said pan; that defendant's servants carelessly and negligently allowed the filth to remain upon the floor for one week, during which time plaintiff was obliged to remain in said room, during all of which time defendant carelessly and negligently allowed the air in said room to be in an unwholesome, unsanitary, etc., condition, causing plaintiff great injury and aggravating plaintiff's weak condition, etc.

The negligence alleged in the fourth count is that defendant negligently placed plaintiff in the charge and care of certain incompetent and careless servants, who placed plaintiff upon a pan and carelessly and negligently left plaintiff alone in the position afore-

said for one-half hour, and plaintiff, who in the exercise of ordinary care, became weak, etc., by reason of the unnatural position in which he was allowed to be and remain, involuntarily moved or changed his position and in doing so, ignited a match which had carelessly and negligently been allowed to be in said bed and set fire to the cotton and bandages of plaintiff, and while endeavoring to escape the flames fell upon the floor and was severely burned, etc.; that plaintiff was thereafter placed on said bed and caused to remain there for one week, during which time defendant negligently failed to properly care for him and negligently allowed the air in said room to become polluted and unsanitary, thereby increasing and aggravating plaintiff's suffering and condition.

March 1, 1905, plaintiff had an attack of inflammatory rheumatism and called Dr. H. L. Gregg to attend him as a physician. Desiring to go to a hospital, he engaged a room at defendant's sanitarium at the price of $15 per week, and in the evening of March 2, was taken there in an ambulance as a private patient of Dr. Gregg. Dr. Gregg continued to be plaintiff's physician until March 6, when he became ill and sent his wife, Dr. Helen E. Gregg, in his place. She was plaintiff's physician until March 9, when he discharged her and sent for Dr. Post. Dr. Post was his physician from March 10 to 13, when he sent for Dr. Doepp, and was on the same day taken to another hospital.

Before going to defendant's sanitarium a liniment was applied to plaintiff's legs, which were then bandaged with cotton batting tied on with strips of cotton cloth. He was carried to a room by the ambulance men. There he was undressed by two friends who accompanied him, the bed was prepared for him by a nurse in the service of the defendant, and he was placed in the bed by the ambulance men. His vest, in which was his watch, was hung on a bed post at the head of his bed. The ambulance men and plaint-

iff's friends who came with him then left. He was given an enema and soon afterwards was placed by the attendants on a bed-pan. He was then left alone in the room half an hour or longer, according to his testimony; five minutes according to the testimony of the attendants.

Plaintiff testified that, wishing to get off the bed-pan, he tried to get over to the edge of the bed so that he might put his feet on the floor; that he heard the scratch of a match and in a second the bandages on his legs were on fire; that he threw himself out on the floor; that the pan was upset and its contents spilled on a rug; that he called for help and attempted to pull the bandages off his legs; that he could not do so until the strips of cloth which bound the bandages to his legs were burned through, and that no one came until he had the bandages about pulled off, when two attendants came, put out the fire and put him back in the bed. Plaintiff's legs, which were badly burned, were then dressed by a physician in the service of the defendant and were redressed and rebandaged by Dr. H. L. Gregg, Dr. Helen Gregg, and Dr. Post, during the time that each attended him as his physician. Each of said physicians, and five other witnesses who were nurses or attendants in the service of the defendant at the time of the accident, testified that plaintiff in response to questions as to how the fire started, stated that in taking his watch out of his pocket he pulled out a match which was ignited in some way, or that he lit a match to look at his watch, and that the bandages caugh fire from the match. Plaintiff denied that he had made any such statements to any of said witnesses.

TODD & MORRISON, for appellant.

CALHOUN, LYFORD & SHEEAN, for appellee; ROBERT J. SLATER and EDWARD W. RAWLINS, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The defendant conducted a private sanitarium or hospital for pecuniary profit, and received plaintiff, who was then ill and helpless, as a patient therein at the price of $15 per week. Under such facts and circumstances the defendant owed plaintiff the duty to use reasonable care for his safety and reasonable skill and diligence in nursing and caring for him.

The contention of appellant appears to be that each of the counts of the declaration states two or more distinct breaches of the duty the defendant owed to the plaintiff, under the facts and circumstances stated in each count, each count constituting a separate and distinct cause of action; that the causes of action stated in the declaration are: First, the defendant negligently left plaintiff alone and in consequence thereof the bed clothing, and the bandages on his legs, caught fire and thereby he was burned and injured; second, the defendant negligently, etc., permitted a match to be and remain in his bed which, without fault on his part, was ignited and set fire to the clothing and bandages, whereby plaintiff was burned and injured; and third, that after plaintiff was burned, defendant negligently failed to properly care for him and negligently allowed the air of the room in which he was to become and remain polluted and unsanitary, thereby aggravating his suffering and condition and injuring him, etc.

Whether the allegations of said counts, other than the second, in respect to leaving plaintiff alone, can be regarded as stating a cause of action separate and distinct from the cause of action therein alleged in respect to the presence of a match in the bed, it is not necessary to decide. The negligence alleged in the second count is that defendant negligently, etc., left plaintiff alone, and that in consequence thereof the bed clothing and bandages caught fire and plaintiff was burned,

etc., and there is no reference in the count to the presence of a match in the bed.

The allegations of each count, that after plaintiff had been burned, he was put back in the bed and caused to remain there a week, during which time the defendant negligently, etc., failed to properly care for him and negligently allowed the air of said room to become polluted and unsanitary by reason of certain filth which was permitted to remain on the floor of said room, thereby increasing and aggravating plaintiff's suffering and condition, etc., appear to have been treated by the parties and the court as stating a separate and distinct cause of action and will be so treated by us.   The declaration will therefore be held to state the three distinct causes of action which appellant contends that it states.

The court gave for the defendant the following instruction:

"The court instructs the jury that before the plaintiff can recover in this case for any injuries sustained through the ignition of the bandages and dressings on plaintiff's person, he must prove by a preponderance or greater weight of the evidence each of the following propositions: 1. That at the time of the occurrence in question there was a match in the bed in which the plaintiff was. 2. That the defendant knew of the presence of such match in said bed, or by the exercise of ordinary care and caution on its part would have known of such presence. 3. That said match ignited and thereby caused the injuries to the plaintiff. 4. That plaintiff himself was not guilty of any negligence which proximately contributed to bring about his injuries.

The burden of proving each and every one of the foregoing propositions is upon the plaintiff. If the plaintiff has failed to prove by a preponderance of the evidence any one or more of these propositions, or if the evidence on any one or more of said propositions is evenly balanced, or preponderates in favor of the defendant, then and in such case you have no dis-

cretion, and under the law the defendant cannot in such circumstances be held liable for any injuries sustained by the plaintiff through the ignition of said bandages and dressings.''

So far as this instruction takes from the jury the question whether the servants employed by the defendant to take charge of the plaintiff were incompetent, appellant has no cause to complain. The declaration does not allege that defendant knowingly employed incompetent servants or knowingly retained in its service incompetent servants.

The instruction also takes from the jury the question whether the leaving of plaintiff alone, under the circumstances alleged in the declaration and proved at the trial, was negligence and whether such negligence, if the jury found that the act amounted to and was negligence, was the proximate cause of the fire by which plaintiff was burned and injured.

We think that the jury might properly find that the act of the servants of defendant in placing plaintiff on a bed-pan after giving him an enema and then, after his bowels began to move, leaving him alone in the room for five minutes, was, under the circumstances and in view of his helpless condition, negligence of such servants under such circumstances as made such negligence the negligence of the defendant. But to find the defendant liable for the consequences of the fire, the jury must find both, that leaving plaintiff alone in the room was negligence on the part of defendant, and that such negligence was the proximate cause of the fire by which plaintiff was burned and injured. Whether the jury might properly find that such negligence was the proximate cause of the fire by which plaintiff was injured, depends on the question whether a fire in the bed or room in which plaintiff was, was within the range of consequences reasonably to be expected from such negligent act. It is not sufficient that an injury of an entirely different character from that sustained might reasonably be ex-

pected from such negligent act. To render such act the proximate cause of plaintiff's injuries damages of the character which he sustained, damages by fire, must have been within the consequences of the act reasonably to be expected. Houren v. C., M. & St. P. Ry. Co., 236 Ill. 620. We do not think that ignition of a match and setting on fire of the bandages on plaintiff's legs thereby was within the range of consequences reasonably to be expected in the light of attending circumstances from leaving plaintiff alone, and therefore think that the jury could not properly infer that such act was the proximate cause of plaintiff's injuries. It follows from what has been said that in our opinion the court did not err in giving the instruction in question.

We do not think that the court erred in giving for the defendant the following instructions:

"20.    The court instructs the jury that if you believe from the evidence in this case that the plaintiff lighted a match for the purpose of seeing what time it was by his watch and that the fire by which the plaintiff was injured originated from such match, then the law exempts the defendant from any liability to plaintiff for injuries caused by such fire.

"21.    The court instructs the jury that even though you believe from the evidence in this case that there was a match in the bed in question, and that such match caused the injuries to plaintiff, yet, if you further believe from the evidence that the plaintiff himself negligently dropped or placed such match in said bed, then the defendant cannot, under the law, be held liable for the consequences of the fire started by such match."

If the plaintiff was responsible for the presence of the match in the bed and its ignition, he could not hold the defendant liable for the consequences of the fire thus started.

The court also gave for the defendant the following instructions:

"23.    The court instructs the jury that there is no

proof in this case that plaintiff's suffering and unhealthful condition were in any manner increased or aggravated through any negligence upon the part of the defendant subsequent to the time of the origin of the fire by which plaintiff was burned. Therefore, unless the greater weight of the evidence shows that the origin of the fire by which plaintiff was burned was due to the negligence of the defendant, it is your duty to return a verdict of not guilty.

"24. The court further instructs the jury that the evidence in this case fails to show that the injuries and suffering of plaintiff caused by the burning which the evidence discloses, were in any manner increased or aggravated by any carelessness or misconduct on the part of the defendant. Therefore, in considering and determining the question whether the defendant is liable to the plaintiff in this case, you are instructed entirely to disregard all proof with reference to any odors in the room in question and with reference to the condition of said room."

The defendant kept the plaintiff in its sanitarium ten days after he had been burned and it was its duty, no matter how the fire occurred, to use reasonable care, skill and diligence in nursing and caring for him, and if defendant was guilty of a breach of that duty and plaintiff suffered injury therefrom, for such injury the defendant is liable.

There is evidence in the record tending to show that the room in which plaintiff was kept after the fire was not kept tidy or even clean; that there were in it unpleasant and offensive odors. But there is no evidence tending to show that his sufferings were aggravated or his physical condition made worse by the condition of the room or the presence of such odors. In the absence of such evidence the jury could not properly infer or conclude that his suffering was aggravated or his condition made worse by the condition of the room or the odors therein. We think that, on the evidence, the court did not err in giving defendant's instructions 23 and 24.

It was not error to give defendant's instruction 6, which told the jury that in weighing plaintiff's evidence they might take into consideration the fact that he was the plaintiff and interested in the result of the suit. W. C. St. R. R. Co. v. Dougherty, 170 Ill. 379.

The court also gave for the defendant the following instruction:

"13. The court instructs the jury that while it was the duty of the defendant to exercise ordinary and reasonable care and caution to prevent injury to plaintiff, yet, the defendant was not required by law to be on its guard against the unusual, extraordinary or not-reasonably-to-be-expected; and if you believe from the evidence in this case that it was not reasonably to be expected by the defendant that an occurrence such as the one which resulted in injury to the plaintiff would take place, then the defendant, under the law, is in no manner liable for said occurrence."

This is no more than a statement of the general rule: "that in order that negligence or an act not amounting to wanton wrong, is proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of attending circumstances." R. R. Co. v. Kellogg, 94 U. S. 469, 475; C. U. T. Co. v. Browdy, 206 Ill. 615, 619; Scanlan v. C. U. T. Co., 127 Ill. App. 406.

The record is, in our opinion, free from error, and the judgment of the Superior Court will be affirmed.

*Affirmed.*