Bernard Margolis, Appellee, v. Chicago City Railway
Company, Appellant.

Gen. No. 21,385.        (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-
WOOD HONORE, Judge, presiding. Heard in this court at the March
term, 1915. Reversed and remanded. Opinion filed January 3, 1916.

Statement of the Case.

Action by Bernard Margolis, plaintiff, against Chi-
cago City Railway Company, defendant, to recover
for injuries alleged to have been received by being
struck by defendant's car. From a judgment for
plaintiff for $2,000, defendant appeals.

The evidence shows that about 10 a. m. on March 30,
1912, plaintiff while driving a horse and wagon south-
ward on State street near 13th, was struck by a
southbound street car belonging to defendant.

Plaintiff's wagon had an inclosed top with doors on
the front, sides and rear. Plaintiff was accustomed
to driving in the streets of Chicago, and was familiar
with the locality where the accident happened. Plain-
tiff testified that he drove into the southbound tracks,
and after driving there for about four minutes the
street car unexpectedly came rapidly from the north
and struck his wagon as he was attempting to pull out
of the tracks towards the west. Defendant contended
that as the car approached 13th street the gong was
being rung; that plaintiff was then driving between
the southbound track and the west curb of the street;
that when plaintiff reached 13th street he suddenly
turned eastward into the track in front of the car, then
seeing the car he attempted to turn back but before he
could do so the wagon was struck and upset; that the
car's speed did not exceed six or eight miles an hour;
that it stopped within a very few feet after the colli-

sion. Defendant claimed that plaintiff was guilty of contributory negligence and that it was not guilty of negligence. The court refused defendant's request to give an instruction stating the degree of care which it was required to exercise.

B. F. RICHOLSON and WATSON J. FERRY, for appellant.

MORTON J. STEVENSON, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 142*—*when instruction as to degree of care proper*. In an action against a street railroad company to recover for injuries by collision with a street car, where an instruction as to the degree of care required of plaintiff and defendant has not been given, it is error to refuse defendant's request to give an instruction that:

"You are instructed that the crew of the car in question were not required to exercise the highest degree of care to avoid injuring the plaintiff on the occasion in question, but were only required to exercise ordinary care; and if you believe from the evidence in this case, under the instructions of the court, that as the car approached the place of the accident it was being operated with ordinary care, and that the motorman of the car in question, in the exercise of reasonable and ordinary care, did all he could to avoid the accident in question as soon as it was apparent or ascertainable to him, in the exercise of reasonable and ordinary care, that the wagon in question was upon the track, or getting upon or near the track into a position of danger, then the plaintiff cannot recover in this case."

2. APPEAL AND ERROR, § 1560*—*when refusal to give instruction improper*. Refusal to give an instruction requested by defendant in regard to personal interest in the case of witnesses is improper where such instructions have been given on behalf of plaintiff.

3. DAMAGES, § 128*—*when verdict excessive*. Where the evidence tends to show in an action for personal injuries that the only injury received by plaintiff was a sprained ankle, from which he soon recovered, a verdict of $2,000 *held* to indicate that the jury were actuated by passion and prejudice.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.