Sol Segal, a Minor, by David Segal, his Next Friend, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

Gen. No. 33,825.

570

 

Opinion filed March 11, 1930.

JAMES C. McSHANE, for plaintiff in error.

BROWN, FOX & BLUMBERG, for defendant in error; FRANK L. KRIETE, CHARLES LeROY BROWN and ABE R. PETERSON, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

By this writ, plaintiff below, a minor, seeks the review of a judgment against him in a tort action brought to recover for the personal injuries he received from his being struck by defendant's street car.

On the first trial of the cause there was a judgment in his favor. On appeal therefrom (in 1918) we filed an opinion reversing the same and holding that the verdict was against the manifest weight of the evidence as to defendant's negligence. We allowed a rehearing and

reached the same conclusion, and reversed the judgment without remanding the cause. (216 Ill. App. 11.)

Some years later, in 1924, the Supreme Court in *Mirich v. Forschner Contracting Co.,* 312 Ill. 343, held that the statute authorizing this court to render a final judgment on reversal, required a remandment of the cause in a jury case. Thereafter this cause was carried to the Supreme Court on a writ of error, and, under the ruling in the *Mirich* case, the cause was sent back here for reconsideration. (325 Ill. 43.) On reconsidering the same we reached the same conclusion of fact, and on reversing the judgment remanded the cause for a new trial. (245 Ill. App. 622.)

On the second trial the verdict of the jury was against plaintiff and thus in harmony with our previous findings of fact. It is now plaintiff who seeks a review, urging that the verdict is contrary to the weight of the evidence, and that there was reversible error in instructions given at defendant's request.

As to the first ground: It should be noted first that all of the evidence relating to the occurrence itself heard at the second trial, was read from the bill of exceptions of the first trial, except that of the plaintiff himself, and his testimony was practically the same, and, as may be added, purported to give his recollections of what took place 13 years before, when he was less than 8 years old. In other words, no new witnesses or new evidence as to the accident different from that heard at the first trial was introduced. As to the occurrence, the only difference in the evidence heard at the two trials was that plaintiff omitted the testimony of two of his witnesses, and defendant the testimony of one of its witnesses given on the first trial.

The new witnesses were not eyewitnesses of the occurrence. There were four for plaintiff and one for defendant. Of the four, one testified to the number of pupils in attendance at a public school two blocks west

of the place of the accident. Two others, former motormen, testified with respect to the distance a car would run after applying the emergency brakes, and the fourth described the manner of unloading materials that were used in paving the street where the accident occurred. Defendant's new witness testified merely to the dimensions of the car involved in the occurrence. There was nothing in the testimony of any of these witnesses that had any legitimate tendency to alter the state of facts bearing on a determination of any of the issues of liability.

It seems, therefore, that as to the weight of the evidence the same questions upon substantially the same evidence are presented to us for consideration for the fourth time. It could not reasonably be expected that unless at the second trial there was such new material evidence in support of plaintiff's theory of the accident, or such additional evidence of a corroborative nature as would clearly shift the weight of the evidence in his favor, we could reach a different conclusion from that reached by us on three prior occasions. We would be required not only to reach a diametrically opposite conclusion on substantially the same evidence, but, under well established practice, to say that the verdict was *manifestly* against the weight of the evidence. We can hardly be persuaded that we so far misconceived its probative force as to be wrong on three prior occasions. Plaintiff's counsel himself recognizes the "novelty" of asking this court to reverse on the ground that the verdict *against the plaintiff* was contrary to the preponderance of the evidence when on our former hearing we reversed the judgment on the ground that the verdict *in plaintiff's favor* was against the preponderance of the evidence. Nevertheless, we have again considered the evidence and counsel's analysis of the same, and are compelled to abide by our former convictions and conclusions, with which the verdict of the jury is

now in harmony. Hence, we deem it unnecessary to detail again the salient facts of the case. They are sufficiently stated in our former opinion (216 Ill. App. 11) to which we refer for an adequate understanding of them. We may repeat, however, what we said in that opinion:

"We have carefully scrutinized the evidence in this case and think the great weight of the testimony is against the theory that the motorman would by ordinary and reasonable care have discovered the boy before it was too late to stop the car running at a reasonable rate of speed or that defendant was negligent as charged either in operating the car or omitting to perform any duty it owed to the boy under the circumstances."

We reached that conclusion after, as we there said, "comparing the character, intelligence and apparent reliability of the witnesses, their opportunities for observation, and the consistency of their testimony."

It follows, therefore, that we cannot say that the verdict of the jury in this case was against the weight of the evidence. In fact, we think it was manifestly in accordance therewith.

Several of the instructions are complained of, some on objections so technical and tenuous that we shall not undertake to discuss them.

Instruction 22 told the jury that before the plaintiff can recover he must prove by the greater weight of the evidence, first, that defendant was guilty of negligence, second, that such negligence was the proximate cause of the injury, and third, "that plaintiff himself exercised ordinary care and caution for his own safety at and before the time of the occurrence in question, or in other words, that no negligence on the part of the plaintiff proximately contributed in any degree to bring about his injury." The instruction then proceeds to say that the burden of proving each of these proposi-

tions was upon the plaintiff, and that if he has failed to prove any one or more of them by the greater weight of the evidence the jury must find the defendant not guilty. The instruction then added: "Where in this instruction it is said that plaintiff must exercise ordinary care and caution, it is meant such care and caution as an ordinarily careful, prudent person of plaintiff's age, intelligence, capacity and experience would exercise under the same or similar circumstances."

Instruction 25 defined the words "ordinary or reasonable care and caution, wherever used in these instructions with respect to the plaintiff's duty," in practically the same language. Instructions 23 and 24 employed substantially the same language in referring to plaintiff in connection with the question of contributory negligence, and these several instructions are complained of on much the same grounds.

It is strenuously argued by counsel that as plaintiff in error was only about 7 years and 8 months old at the time of the accident that he would be prima facie incapable of exercising judgment and discretion, and that, therefore, the burden of proof was upon defendant to show whether or not he was capable of exercising care for his own safety; that each of the instructions assumed that he was capable and therefore might be culpably negligent; that he was not called upon to prove that he was capable until defendant had introduced proof to show that he was; and hence instruction 22, and the others by implication, in these respects and in casting the burden of proof upon plaintiff as to his capacity and exercise of care constituted reversible error.

One of the essential elements of an action of this kind is that the plaintiff himself, at the time of and just before the accident causing the injury, be in the exercise of ordinary care for his own safety; and as a general rule, for which we need not cite authorities, the

burden of proof rests upon plaintiff to prove that element, as well as every other essential element of the action. And we think the rule is no different when the plaintiff is between 7 and 14 years of age. In like actions it has been so held in effect. In *Illinois Iron & Metal Co. v. Weber*, 196 Ill. 526, plaintiff was between 11 and 12 years old. An instruction given in his behalf required that the jury should find from the evidence that he was exercising ordinary care for a boy of his age. Discussing the question of care by the infant and what should be considered in determining it, the court said:

"In determining that question his age was to be taken into account, but it could not be said, *as a matter of law*, that he was too young to exercise any care for his personal safety or that he was incapable of negligence. Unquestionably, he was capable of exercising some degree of judgment and discretion and some degree of care for his own safety."

In *McGuire v. Guthmann Transfer Co.*, 234 Ill. 125, the plaintiff was a child of only a few months past 7 years of age at the time of the injury. The instruction in his behalf laid down the general rule as to the degree of care the law requires of a child. The company urged that to justify the instruction it was necessary for plaintiff to prove the extent of "intelligence, capacity, discretion and experience" he possessed. The court said: "In the absence of proof to the contrary, appellee must be *presumed* to have such capacity to appreciate danger, and such discretion and intelligence in protecting himself therefrom, as might reasonably be expected of an average child of his age and under like circumstances." In *Morrison v. Flowers*, 308 Ill. 189, the plaintiff was 8 years old. The court said in slightly varying language, that "in the absence of proof to the contrary he will be *expected* to exercise that discretion and intelligence in protecting himself that would be

expected of an average child of his age under like circumstances.'' In *Maskaliunas v. Chicago & W. I. R. Co.*, 318 Ill. 142, and in *Deming v. City of Chicago,* 321 Ill. 341, the plaintiff was 10 years of age. The court said that the law was clearly established by great weight of authority, that between the ages of 7 and 14 the question of culpability of the child is an open question of fact and must be left to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child.

While in none of these cases was the question of where the burden of proof lies with respect to the exercise of care by a minor between 7 and 14 years of age, directly raised, we think it clearly inferable therefrom that the general rule requiring the plaintiff to make a prima facie case of his exercise of care as a necessary element to his cause of action, is applicable to infants between 7 and 14 years of age, leaving it an open question of fact for the jury to determine from the evidence under guidance of the proper rule therefor. This is the recognized rule, as stated in 45 C. J. 1191:

''The rule as to the burden of proof with respect to contributory negligence where plaintiff is an infant is ordinarily the same as in actions by an adult. . . . Where the exercise of due care by the injured person is part of plaintiff's case, plaintiff has the burden of proving that the injured infant was free from contributory negligence.''

No question can arise here but that the proper rule for the jury's guidance was laid down in the several instructions. In fact, instruction 3, given in behalf of plaintiff, states it in substantially the same language as that in the instructions complained of, and the request for it indicates that plaintiff's own counsel assumed that there was sufficient evidence of plaintiff's capacity to justify its application. He is hardly in a position,

therefore, to complain that defendant's instructions are based on the same assumption.

The distinctions counsel undertakes to make in his argument between the degree of care that would be exercised by "an average child" and "an ordinarily careful, prudent person of plaintiff's age," and between care and caution, and in the omission from instructions of the words "usually," "naturally" and "ordinarily" seem rather too refined and subtle to engage the reasoning of an ordinary jury or to appeal to a court of review. It is common knowledge and experience that children between the ages of 7 and 14 have some capacity to exercise care for their own safety, and the cases where they have been so regarded are too numerous to call for citation.

Complaint is also made that there was needless repetition of instructions on the question of exercising care by the plaintiff. The instructions correctly stated the law on the material issues of the case. And it may be said here, as was said in *Carson, Pirie, Scott & Co. v. Chicago Rys. Co.*, 309 Ill. 346, where like objections were made to like instructions, "while needless repetition may give undue prominence to some matter to which the instructions relate, these instructions *presented different aspects of the question.* . . . But as there was nothing incorrect in them they are not ground for reversal." (352).

Appellant complains of defendant's instruction 13. It tells the jury to measure the testimony of defendant's employee by the same principles and tests by which the jury should determine the credibility of any other witness. It is a stock instruction which has been given in many cases and was approved in the form given in *Cicero & Proviso St. Ry. Co. v. Rollins*, 95 Ill. App. 497, affirmed in 195 Ill. 219. The basis of the complaint is that defendant's employee was an interested witness. It was said in *Roberts v. Chicago City Ry.*

*Co.,* 262 Ill. 228, citing the last mentioned case, that no witness is to be discredited simply because he is employed by a party to the suit; that his testimony is to be treated the same as that of any other witness.

The further objection that the instruction assumed that defendant's employee witnesses were unimpeached is untenable. It was abstract in form and merely declared a rule applicable to an unimpeached witness. Nor do we think it a case where it infringes the rule against singling out a witness or witnesses on one side of the case. (*West Chicago St. R. Co. v. Dougherty,* 170 Ill. 379, and *West Chicago St. R. Co. v. Estep,* 162 Ill. 130.)

Instruction 18 told the jury with reference to the rate of speed at which the car was running that if under all the circumstances and evidence they believed therefrom it was consistent with the exercise of ordinary care, then no negligence could be attributed to defendant in the operation of the car on the ground of the speed at which it was running. It is objected to as singling out a particular fact claimed to be established by the evidence, and in instructing the jury that if they so believed, negligence, could not be attributed to defendant in that respect. In this connection plaintiff cites the cases of *Eckels v. Muttschall,* 230 Ill. 462; *Kenyon v. Chicago City R. Co.,* 235 Ill. 406, and *Hoffman v. Tosetti Brewing Co.,* 257 Ill. 185, in all of which an instruction singling out a fact was held to have been properly refused. In none of these cases was the instruction quite analogous to the one presented here. But even if the instruction be objectionable we do not think it so prejudicial as to warrant reversal.

Instruction 16 told the jury that the mere happening of the accident in and of itself raised no presumption of negligence. It not being a passenger and carrier case, or one in which the doctrine of *res ipsa loquitur* is applicable, we do not think it was error to give the in-

struction. A presumption sometimes arises from the nature of the accident and the circumstances of it, but never from the mere fact of the accident itself. (*Barnes v. Danville St. R. & L. Co.*, 235 Ill. 566, 573.)

Instruction 19 told the jury that if they believed from the evidence that in approaching the place in question the car was being operated with ordinary care and that plaintiff got in the way of the car so suddenly that the motorman had no opportunity in the exercise of care and caution, to avoid injuring the plaintiff, then their verdict should be not guilty. It is contended that it limits the motorman's exercise of care in approaching the place of the accident and ignores whether he was guilty of negligence in operating the car "past the plaintiff." We think it was sufficiently comprehensive to cover the whole matter of the issue of defendant's negligence and is not amenable to the objections raised against it. Similar instructions have frequently been approved. (*Scanlan v. Chicago Union Traction Co.*, 127 Ill. App. 406; *Fredericks v. Chicago Rys. Co.*, 208 Ill. App. 172; *Mead v. C. Rys. Co.*, 216 Ill. App. 625; *Margolis v. Chicago City Ry. Co.*, 197 Ill. App. 316.)

It is also urged that instruction 20, directing a verdict for defendant if plaintiff failed to prove recited allegations in his declaration by a preponderance of the evidence, is erroneous in reciting allegations not essential to plaintiff's cause of action and which it was not necessary for plaintiff to prove. We regard the objection as highly technical and as presenting no good ground for reversing the judgment.

After a careful review of the evidence and the instructions we do not think there was reversible error. The judgment is affirmed.

*Affirmed.*

Scanlan and Gridley, JJ., concur.